STATE OF NORTH CAROLINA v. ELDER G. CORTEZ, DEFENDANT AND RICHARD L. LOWRY, SURETY; LARRY D. ATKINSON, SURETY; AND TONY L. BARNES, SURETY

No. COA10-1211

(Filed 20 September 2011)

**Bail and Pretrial Release—bond forfeiture—defendant called and failed—clerk and trial court lacked jurisdiction**

The Clerk of Court and the trial court erred in a bond forfeiture case by entering 17 November 2009 notices of forfeiture and a 17 May 2010 order. The defendant sureties could not have been held liable for more than the amount agreed upon pursuant to the bonds they actually executed, and the 10 November 2009 appeal divested the Clerk and the trial court of jurisdiction to take further action relating to the 16 September 2008 bonds so long as issues surrounding those bonds remained subject to appellate review.

Appeal by Richard L. Lowry, Larry D. Atkinson, and Tony L. Barnes from amended order entered 17 May 2010 by Judge Thomas H. Lock in Superior Court, Johnston County. Heard in the Court of Appeals 16 August 2011.

*Tharrington Smith, L.L.P., by Rod Malone and Christine Scheef, for Johnston County Board of Education.*

*Narron, O'Hale and Whittington, P.A., by John P. O'Hale, for Appellants-Sureties.*

McGEE, Judge.

A warrant for the arrest of Elder G. Cortez (Defendant) for the charges of first-degree kidnapping, first-degree rape, and taking indecent liberties with a child was issued on 24 August 2007. On 16 September 2008, Larry Atkinson, Tony L. Barnes, and Richard Lowry (Sureties) executed three appearance bonds for Defendant in the respective amounts of $10,000.00, $20,000.00, and $570,000.00. Defendant failed to appear at an 18 February 2009 hearing, and the Clerk of Superior Court, Johnston County (the Clerk), issued a bond forfeiture notice to the Sureties for each of the three bonds. The notices informed the Sureties of Defendant's failure to appear, and stated that final judgment in the amount of the respective bonds would be entered on 23 July 2009 unless the Sureties filed motions to set aside the forfeitures. N.C. Gen. Stat. § 15A-544.5 provides:

> (d) Motion Procedure.—If a forfeiture is not set aside under subsection (c) of this section, the only procedure for setting it aside is as follows:
>
> (1) At any time before the expiration of 150 days after the date on which notice was given under G.S. 15A-544.4, the defendant or any surety on a bail bond may make a written motion that the forfeiture be set aside, stating the reason and attaching the evidence specified in subsection (b) of this section.
>
> (2) The motion is filed in the office of the clerk of superior court of the county in which the forfeiture was entered, and a copy is served, under G.S. 1A-1, Rule 5, on the district attorney for that county and the county board of education.
>
> (3) Either the district attorney or the county board of education may object to the motion by filing a written objection in the office of the clerk and serving a copy on the moving party.

N.C. Gen. Stat. § 15A-544.5(d) (2009).

The Sureties filed motions to set aside the forfeitures on 22 July 2009. The Johnston County District Attorney and the Johnston County Board of Education (the Board) did not file any objection to the Sureties' motions to set aside the forfeitures. Thereafter, the Clerk entered an order on 3 August 2009 setting aside the bond forfeitures pursuant to N.C.G.S. § 15A-544.5(d)(4). On 25 August 2009, the Board filed a motion to strike the Clerk's 3 August 2009 order. The trial court heard the Board's motion on 5 October 2009, and entered on order on 12 October 2009 denying the Board's motion.

The Board filed notice of appeal from the trial court's 12 October 2009 order on 10 November 2009, and this Court addressed the matter by opinion filed 19 April 2011. *State v. Cortez*, ___ N.C. App. ___, ___ S.E.2d ___, 2011 WL 1467664 (Apr. 19, 2011) (unpublished opinion) (*Cortez I*). In *Cortez I*, this Court held that the Clerk did not have the authority to grant the Sureties' motion because that motion did not allege any of the exclusive grounds for setting aside a forfeiture as stated in N.C.G.S. § 15A-544.5(b). *Cortez I*, 2011 WL 1467664, 5-6. This Court reversed and remanded "with instructions for the trial court to either dismiss Sureties' motion or deny the same for the reasons set forth [in the opinion]." *Id.* at 6.

The State again placed Defendant's criminal offenses on the court calendar for 2 November 2009. Defendant also failed to appear for this court date; he was again called and failed; and the trial court again ordered that Defendant's bond be forfeited. The Clerk issued notices of forfeiture to the Sureties on 17 November 2009. These notices of forfeiture were for the original bonds executed by the Sureties as the Sureties had not re-bonded Defendant following his initial 18 February 2009 failure to appear. The Sureties filed a "Motion to Dismiss and to Set Aside Forfeiture" on 14 April 2010, arguing that the Board's 10 November 2009 notice of appeal from the trial court's 12 October 2009 order divested the trial court of jurisdiction to decide the bond forfeiture issue. The Board filed an objection to the Sureties' motion on 23 April 2010. By order entered 17 May 2010, the trial court denied the Sureties' 14 April 2010 motion to dismiss and motion to set aside forfeiture, and sustained the Board's objection to the Sureties' motion. The Sureties appeal.

I.

The Sureties argued before the trial court, and now argue on appeal, that both the Clerk and the trial court were without jurisdiction to enter the 17 November 2009 notices of forfeiture and the 17 May 2010 order, respectively. We agree.

The Sureties executed bonds in this case on 16 September 2008. These were the only bonds executed in the matter. Defendant was called and failed on 18 February 2009. The trial court ordered the 16 September 2008 bonds forfeited, and an order for Defendant's arrest was issued. The Clerk set aside the orders for forfeiture on 3 August 2009 and the trial court, in an order entered 12 October 2009, affirmed the orders to set aside the forfeitures. The Board appealed the 12 October 2009 order on 10 November 2009.

"When an appeal is perfected . . . it stays all further proceedings in the court below upon the judgment appealed from, or upon the matter embraced therein . . . ." N.C. Gen. Stat. § 1-294 (2009). "The general rule has been that a timely notice of appeal removes jurisdiction from the trial court and places it in the appellate court. Pending appeal, the trial judge is generally *functus officio*, subject to two exceptions and one qualification . . . ."

> The exceptions are that notwithstanding the pendency of an appeal the trial judge retains jurisdiction over the cause (1) during the session in which the judgment appealed from was rendered and (2) for the purpose of settling the case on appeal. The qualification to the general rule is that the trial judge, after notice and on proper showing, may adjudge the appeal has been abandoned and thereby regain jurisdiction of the cause.

*In re Adoption of K.A.R.*, ___ N.C. App. ___, ___, 696 S.E.2d 757, 763 (2010).

The Board argues that, because Defendant was called and failed a second time, the actions of the Clerk and trial court following this subsequent called and failed constitute an entirely new matter, unrelated to the matter appealed on 10 November 2009. Thus, no jurisdictional issue arises in this case. We cannot agree with the Board's argument, as it would undermine policy considerations, including prevention of fragmentary appeals and avoidance of inefficiencies and confusion of the issues. *Thomas v. Contract Core Drilling & Sawing*, ___ N.C. App. ___, ___ 703 S.E.2d 862, 865 (2011).

"An order on a motion to set aside a forfeiture is a final order or judgment of the trial court for purposes of appeal. Appeal is the same as provided for appeals in civil actions." N.C.G.S. § 15A-544.5(h). "If a forfeiture is set aside under this section, the forfeiture shall not thereafter ever become a final judgment of forfeiture or be enforced or reported to the Department of Insurance." N.C.G.S. § 15A-544.5(g). "When an order setting aside a forfeiture is entered, the defendant's further appearances shall continue to be secured by that bail bond unless the court orders otherwise." N.C.G.S. § 15A-544.5(c).

In this case, the only bonds at issue are those that were executed on 16 September 2008. The Sureties cannot be held liable for more than the amounts of the bonds they executed. In *Cortez I*, our Court determined that the Clerk improperly set aside the forfeitures ordered on 18 February 2009 when Defendant failed to appear on that

date. The Board never moved to withdraw its appeal in *Cortez I*. Thus, the Board continued to contend that the Sureties were liable for Defendant's 18 February 2009 failure to appear. After notice of appeal was filed in *Cortez I*, but before any opinion had been filed in *Cortez I*, the trial court ruled that a second forfeiture had occurred and that the Sureties were, therefore, liable on the bonds they had executed on 16 September 2008 for this second forfeiture, based on Defendant's second failure to appear on 2 November 2009.

Were we to hold that the Clerk and the trial court had jurisdiction to enter and affirm the second orders of forfeiture, the Sureties would currently be liable for two separate failures to appear and, therefore, liable for two times the actual amount of the bonds executed in Defendant's case. As the Sureties may not be held liable for more than the amount agreed upon pursuant to the bonds they actually executed, the actions of the Clerk and the trial court following the notice of appeal in *Cortez I* have resulted in unnecessary inefficiencies and confusion. One of these "final" judgments, *see* N.C.G.S. § 15A-544.5, would have to be revisited. The public and the parties have an interest in maintaining a final judgment. *State v. Buckom*, 126 N.C. App. 368, 378, 485 S.E.2d 319, 326 (1997) (citation omitted).

We hold that, in the present case, the 10 November 2009 appeal divested the Clerk and the trial court of jurisdiction to take further action relating to the 16 September 2008 bonds so long as issues surrounding those bonds remained subject to appellate review.

Vacated.

Judges ERVIN and McCULLOUGH concur.