McGEE, Chief Judge.
 

 *803
 
 The Wilson County Board of Education ("the Board of Education")
 
 [1]
 
 appeals from the trial court's order reducing a bond forfeiture amount after denying a surety's motion to set aside the bond forfeiture. Because we conclude the trial court lacked statutory authority to reduce the bond forfeiture amount, we vacate the trial court's order and remand for further proceedings consistent with this opinion.
 

 I.
 
 Background
 

 Antonio Jermaine Knight ("Defendant") failed to appear in Wilson County District Court in an underlying criminal matter on 11 March 2016. The Wilson County Clerk of Court issued a bond forfeiture notice in the amount of $2,000.00 to Defendant, Financial Casualty & Insurance ("Surety"), and Surety's bail agent, Ontarris T. Armstrong ("Bail Agent"), on 14 March 2016. Notice was mailed to all parties on 17 March 2016.
 

 Clarence Fuller, another bail agent of Surety, filed a motion to set aside the bond forfeiture ("the motion to set aside") on 15 August 2016. Form AOC-CR-213, the preprinted form used for motions to set aside a forfeiture, lists the seven reasons, pursuant to N.C. Gen. Stat. § 15A-544.5, for which a bond forfeiture may be set aside, with corresponding boxes for a movant to mark the alleged basis for setting aside the forfeiture. In the present case, the motion to set aside filed by Surety's bail agent did not indicate Surety's reason for setting aside the forfeiture. A document attached to the motion, entitled "General Court of Justice (
 
 Surety Notice of Defendant's Incarceration
 
 )," indicated that Defendant was incarcerated on 2 August 2016 with a projected release date of 5 October 2016. The Board of Education objected to the motion to set aside the forfeiture on 17 August 2016.
 

 Following a hearing on 3 October 2016, the trial court denied Surety's motion to set aside the bond forfeiture, based on its finding that Surety "ha[d] [not] established one or more of the reasons specified in [N.C.G.S. §] 15A-544.5 for setting aside [the] forfeiture." In accordance with N.C.G.S. § 15A-544.5(d)(7) (2017), the trial court's order provided that "the forfeiture shall become a final judgment of forfeiture on the later of this date or one hundred and fifty (150) days after the 'Date
 
 *804
 
 Notice Given[.]' " Despite denying the motion, the trial court verbally reduced the amount of the bond forfeiture from $2,000.00 to $300.00.
 
 [2]
 
 A handwritten notation stating "Surety to pay $300" appears on the trial court's order, also filed on 3 October 2016. Surety paid $300.00 to the clerk of court that same day. The Board of Education appeals.
 
 *753
 
 II.
 
 Analysis
 

 The Board of Education contends the trial court lacked statutory authority to reduce the amount of the bond forfeiture after denying Surety's motion to set aside the bond forfeiture. We agree.
 

 A.
 
 Standard of Review
 

 In an appeal from an order setting aside a bond forfeiture, "the standard of review for this Court is whether there was competent evidence to support the trial court's findings of fact and whether its conclusions of law were proper in light of such facts."
 
 State v. Dunn
 
 ,
 
 200 N.C. App. 606
 
 , 608,
 
 685 S.E.2d 526
 
 , 528 (2009) (citation omitted);
 
 see also
 
 N.C. Gen. Stat. § 15A-544.5(h) (2015) (providing in part that "[a]n order on a motion to set aside a forfeiture is a final order or judgment of the trial court for purposes of appeal. Appeal is the same as provided for appeals in civil actions."). Questions of law, including matters of statutory construction, are reviewed
 
 de novo
 
 .
 
 See
 

 In re Hall
 
 ,
 
 238 N.C. App. 322
 
 , 324,
 
 768 S.E.2d 39
 
 , 41 (2014) (citation omitted) ("Resolution of issues involving statutory construction is ultimately a question of law for the courts. Where an appeal presents a question of statutory interpretation, full review is appropriate, and we review a trial court's conclusions of law
 
 de novo
 
 [.]").
 

 B.
 
 Surety's Motion to Set Aside
 

 In North Carolina, bail bond forfeiture is governed by Chapter 15A, Article 26, Part 2 of our General Statutes.
 
 See
 

 *805
 
 N.C. Gen. Stat. § 15A-544.1 (2017) ("By executing a bail bond the defendant and each surety submit to the jurisdiction of the court[.] ... The liability of the defendant and each surety may be enforced as provided in this Part[.]"). "If a defendant who was released ... upon execution of a bail bond fails on any occasion to appear before the court as required, the court shall enter a forfeiture
 
 for the amount of that bail bond
 
 in favor of the State against the defendant and against each surety on the bail bond." N.C. Gen. Stat. § 15A-544.3(a) (2017) (emphasis added).
 

 N.C. Gen. Stat. § 15A-544.5 (2017) provides that "[t]here shall be no relief from a forfeiture except as provided in this section."
 
 See
 

 State v. Williams
 
 ,
 
 218 N.C. App. 450
 
 , 451,
 
 725 S.E.2d 7
 
 , 9 (2012) ("The exclusive avenue for relief from forfeiture of an appearance bond (where the forfeiture has not yet become a final judgment) is provided in [N.C.]G.S. § 15A-544.5." (citation and quotation marks omitted) (internal parentheses in original)). The statute's language is unequivocal: "a forfeiture
 
 shall
 
 be set aside for any one of the following [seven] reasons,
 
 and none other
 
 ."
 
 [3]
 

 *754
 
 N.C. Gen. Stat. § 15A-544.5(b) (2017) (emphases added);
 
 see also
 

 State v. Rodrigo
 
 ,
 
 190 N.C. App. 661
 
 , 664,
 
 660 S.E.2d 615
 
 , 617 (2008) ("Relief from a forfeiture, before the forfeiture becomes a final judgment, is exclusive and limited to the reasons provided in N.C. Gen. Stat. 15A-544.5.").
 

 *806
 
 In the present case, it is undisputed that Surety's motion was a motion to set aside a bond forfeiture filed pursuant to N.C.G.S. § 15A-544.5. Surety filed a Form AOC-CR-213, the form used for motions to set aside a bond forfeiture under N.C. Gen. Stat. § 15A-544.5(d)(1) (2017), and did so before a final judgment of forfeiture was entered. The trial court's order explicitly stated that the motion was denied based on the court's finding that Surety "[failed to establish] one or more of the reasons specified in [N.C.G.S. §] 15A-544.5 for setting aside that forfeiture." Accordingly, we agree with the Board of Education that N.C. Gen. Stat. § 15A-544.5 is the controlling statute in this appeal.
 

 On appeal, the Board of Education does not challenge the trial court's denial of Surety's motion to set aside, since, the Board contends, Surety failed to establish any of the seven exclusive statutory reasons for which a bond forfeiture may be set aside.
 
 See supra
 
 n.3. In response, Surety does not argue that its motion to set aside
 
 should have been allowed
 
 because it
 
 did
 
 satisfy one or more of the reasons set forth in N.C.G.S. § 15A-544.5. Surety instead asserts the trial court "in its discretion reduced the bond forfeiture [amount] from $2000 to $300; thus,
 
 granting
 
 the [m]otion to [s]et [a]side the bond forfeiture
 
 in part
 
 ." (emphases added). In making this argument, Surety improperly relies upon N.C. Gen. Stat. § 15A-544.8, the statute that sets forth a distinct procedure for seeking relief from
 
 final judgments
 
 of forfeiture.
 
 [4]
 
 Because
 
 *807
 
 the Board of Education does not challenge the trial court's conclusion that Surety failed to establish a reason for setting aside the forfeiture pursuant to N.C.G.S. § 15A-544.5, and Surety offers no argument under the relevant statute, we proceed on the presumption that the trial court properly denied the motion to set aside.
 
 See
 
 ,
 
 e.g.
 
 ,
 
 Hocke v. Hanyane
 
 ,
 
 118 N.C. App. 630
 
 , 635,
 
 456 S.E.2d 858
 
 , 861 (1995) (observing that "the rulings, orders and judgments of the trial judge are presumed to be correct, and the burden is on the appealing party to rebut the presumption of verity on appeal." (citation, alteration, and quotation marks omitted)).
 

 C.
 
 Reduction of Bond Amount
 

 The sole question before us is whether the trial court had authority, pursuant to N.C.G.S. § 15A-544.5, to reduce the amount owed by Surety on the executed bond. We conclude it did not.
 

 In construing a statute, we must first ascertain the legislative intent to ensure that the purpose and intent of the legislation are satisfied. In making this determination, we look first to the language of the statute itself. If the language used is clear and unambiguous, this Court must not engage in judicial construction but must apply the statute to give effect to the plain and definite meaning of the language.
 

 Bryant v. Adams
 
 ,
 
 116 N.C. App. 448
 
 , 457,
 
 448 S.E.2d 832
 
 , 836 (1994) (citation omitted). Our Supreme Court has instructed that "[reviewing c]ourts should give effect to the words actually used in a statute and should neither delete words used nor insert words
 
 *755
 
 not used in the relevant statutory language during the statutory construction process."
 
 Midrex Techs., Inc. v. N.C. Dep't of Revenue
 
 ,
 
 369 N.C. 250
 
 , 258,
 
 794 S.E.2d 785
 
 , 792 (2016) (citation and internal quotation marks omitted).
 

 As discussed above, by its plain language, N.C.G.S. § 15A-544.5 provides the "exclusive" relief for setting aside a bond forfeiture that has not yet become a final judgment.
 
 See
 
 N.C. Gen. Stat. § 15A-544.5(a) (2017). The reasons enumerated therein for which a forfeiture may be set aside
 
 *808
 
 are both mandatory and exhaustive.
 
 See
 
 ,
 
 e.g.
 
 ,
 
 State v. Lazaro
 
 ,
 
 190 N.C. App. 670
 
 , 673,
 
 660 S.E.2d 618
 
 , 620 (2008) (holding trial court erred in granting surety's motion to set aside bond forfeiture because "deportation is not listed as one of the ... exclusive grounds that allowed the court to set aside a bond forfeiture.").
 

 The only "relief" authorized under N.C.G.S. § 15A-544.5 is the setting aside of the bond forfeiture. The statute provides that, "[i]f at the hearing the [trial] court allows the motion, the court
 
 shall enter an order setting aside the forfeiture
 
 ." N.C.G.S. § 15A-544.5(d)(6) (emphasis added). Conversely, if a movant fails to establish any of the reasons enumerated in N.C.G.S. § 15A-544.5, the court must deny the motion to set aside. Once a motion to set aside is denied, a final judgment date is prescribed by statute:
 

 If at the hearing [on the motion to set aside] the court does not enter an order setting aside the forfeiture, the forfeiture shall become a final judgment of forfeiture on the later of:
 

 a. The date of the hearing.
 

 b. The date of final judgment specified in G.S. 15A-544.6.
 

 N.C.G.S. § 15A-544.5(d)(7). There is no "partial" relief provided under the plain language of the statute.
 

 In addition to the statutory language itself, "[o]ther
 
 indicia
 
 considered by this Court in determining legislative intent are the legislative history of an act and the circumstances surrounding its adoption[.]"
 
 Taylor v. City of Lenoir
 
 ,
 
 129 N.C. App. 174
 
 , 177,
 
 497 S.E.2d 715
 
 , 718 (1998) (citation and quotation marks omitted) (second alteration in original);
 
 but see
 

 Electric Supply Co. v. Swain Electrical Co.
 
 ,
 
 328 N.C. 651
 
 , 656,
 
 403 S.E.2d 291
 
 , 295 (1991) (advising that reviewing courts need only examine legislative history if, "after analyzing the text, structure, and policy of the statute, we are still in doubt as to legislative intent[.]" (citation omitted)).
 

 As the Board of Education notes, our General Assembly enacted S.L. 2000-133, entitled "An Act to Modernize Bail Bond Forfeiture Proceedings[,]" during the 1999-2000 legislative session. S.L. 2000-133 repealed N.C. Gen. Stat. § 15A-544, the statute formerly governing bail bond forfeiture, and replaced it with the statutory provisions now codified at N.C.G.S. §§ 15A-544.1 through 544.8. Under former N.C.G.S. § 15A-544, trial courts had discretion to "remit" part or all of a bond forfeiture, and could do so before or after entry of a final judgment of forfeiture.
 

 *809
 

 See
 
 N.C. Gen. Stat. §§ 15A-544(c), (e), (h) (repealed by S.L. 2000-133, eff. 1 January 2001). Among other things, S.L. 2000-133 created a new procedure for "setting aside" a bond forfeiture prior to the entry of a final judgment. The newly-enacted N.C.G.S. § 15A-544.5 established the "exclusive" relief from a bond forfeiture prior to the entry of final judgment, and enumerated the specific reasons for which a forfeiture "shall" be set aside, "and none other."
 
 See
 
 N.C.G.S. §§ 15A-544.5(a) - (b). Importantly, N.C.G.S. § 15A-544.5 omitted any reference to language found in former N.C.G.S. § 15A-544(e) that authorized a trial court to "remit" a bond forfeiture "in whole or in part, upon such conditions as the court may impose, if it appears [to the trial court] that justice requires the remission of part or all of the judgment."
 

 By contrast, S.L. 2000-133 retained some of the discretionary language found in former N.C.G.S. § 15A-544 in establishing a separate procedure for seeking relief from
 
 final
 
 judgments of forfeiture. Under current N.C.G.S. § 15A-544.8, a trial court "may" grant relief from a final judgment of forfeiture if,
 
 inter alia
 
 , "extraordinary circumstances exist that the [trial] court, in its discretion, determines should entitle [the movant] to relief."
 
 See
 

 *756
 
 N.C.G.S. § 15A-544.8(b)(2). Additionally, N.C.G.S. § 15A-544.8 provides that, "[a]t the hearing [on a motion for relief from final judgment of forfeiture][,] the court may grant the [moving] party
 
 any relief
 
 from the judgment that the court considers appropriate,
 
 including the refund of all or a part of any money paid to satisfy the judgment
 
 ."
 
 See
 
 N.C.G.S. § 15A-544.8(c)(4) (emphases added). These provisions echo language found in former N.C.G.S. § 15A-544(h), which provided that, "[f]or extraordinary cause shown, the court which has entered judgment upon a forfeiture of a bond may, after execution, remit the judgment in whole or in part and order the clerk to refund such amounts as the court considers appropriate."
 
 See
 

 State v. Lopez
 
 ,
 
 169 N.C. App. 816
 
 , 820,
 
 611 S.E.2d 197
 
 , 199 (2005) (observing that language in N.C.G.S. § 15A-544.8, granting trial courts broader discretion in providing relief from final judgments of forfeiture, "also appeared in the predecessor statute ( N.C. Gen. Stat. § 15A-544(e) and (h) ), [and] requires that we review such decisions [only] for an abuse of discretion." (citation omitted) (internal parentheses in original)).
 

 We agree with the Board of Education that the General Assembly's decision to omit discretionary language with respect to motions to set aside, and retain such language with respect to final judgments of forfeiture, "suggests the [L]egislature made a conscious choice in this regard."
 
 See
 

 State v. Sanchez
 
 ,
 
 175 N.C. App. 214
 
 , 218,
 
 623 S.E.2d 780
 
 , 782 (2005) ;
 
 see also
 

 *810
 

 Long v. Hammond
 
 ,
 
 164 N.C. App. 486
 
 , 497,
 
 596 S.E.2d 839
 
 , 846 (2004) (finding construction of one statutory section as not requiring the element of intent was bolstered by the fact that another section, within the same article and amended at the same time, "[
 
 did
 
 ] possess an element of intent. We credit the [L]egislature with deliberate composition of its statutes unless there is some construction and policy concern sufficient to raise an ambiguity." (emphasis added)). We are persuaded that, considered together, the plain language used in N.C.G.S. § 15A-544.5 and the statute's legislative history demonstrate that the General Assembly intended to limit a trial court's authority in setting aside a bond forfeiture before the entry of a final judgment.
 

 Under N.C.G.S. § 15A-544.5, a trial court may only grant relief from a forfeiture for the reasons listed in the statute, and the only relief it may grant is the setting aside of the forfeiture.
 
 Cf.
 

 Lopez
 
 ,
 
 169 N.C. App. at 819
 
 ,
 
 611 S.E.2d at 199
 
 (noting that whether to grant relief under N.C.G.S. § 15A-544.8 is "entirely within the discretion of the [trial] court[.]"). The trial court must either allow the motion and set aside the bond forfeiture in its entirety, or deny the motion to set aside, in which case the original forfeiture will become a final judgment in accordance with the relevant statutory provisions.
 
 See
 
 N.C.G.S. §§ 15A-544.5(d)(6)-(7), 15A-544.6. Once the forfeiture becomes a final judgment, a party may initiate a new proceeding seeking relief pursuant to N.C.G.S. § 15A-544.8.
 

 In
 
 State v. Cortez
 
 ,
 
 215 N.C. App. 576
 
 ,
 
 715 S.E.2d 881
 
 (2011), this Court held that a trial court lacked jurisdiction "to enter and affirm [ ] second orders of forfeiture[,]" because
 

 the Sureties would currently be liable for two separate failures to appear and, therefore, liable for two times the actual amount of the bonds executed in [the] [d]efendant's case ... [and] the Sureties
 
 may not be held liable for more than the amount agreed upon pursuant to the bonds they actually executed
 
 [.]
 

 Id.
 
 at 580,
 
 715 S.E.2d at 884
 
 (emphasis added). We now hold that, when a motion to set aside a forfeiture is denied under N.C.G.S. § 15A-544.5, an obligor also may not be held liable for
 
 less than
 
 the amount agreed upon pursuant to the bond it actually executed. A conclusion to the contrary would contravene the Legislature's demonstrated intent to divest the trial courts of
 
 discretionary
 
 authority to modify bond forfeitures before entry of final judgment occurs, and "result[ ] in unnecessary inefficiencies and confusion."
 

 Id.
 

 ;
 
 see also
 

 State v. Evans
 
 ,
 
 166 N.C. App. 432
 
 , 434,
 
 601 S.E.2d 877
 
 , 878 (2004) (observing that, unlike a trial court's grant of relief from a final judgment of forfeiture under N.C.G.S. § 15A-544.8, "the
 
 *811
 
 setting aside of a forfeiture that has not become final
 
 imposes no burden on any party
 
 [.]" (emphasis added)).
 

 We also note that allowing a trial court to deny a motion to set aside a bond forfeiture, but reduce the amount owed on the bond, would undermine the purpose of bail, "which
 
 *757
 
 is to secure the appearance of the principal in court as required."
 
 State v. Hollars
 
 ,
 
 176 N.C. App. 571
 
 , 574,
 
 626 S.E.2d 850
 
 , 853 (2006) (citation and internal quotation marks omitted). The prospect of a bond reduction, notwithstanding forfeiture, could create a disincentive for sureties and their agents to "diligently pursue defendants."
 
 See
 

 State v. Coronel
 
 ,
 
 145 N.C. App. 237
 
 , 247,
 
 550 S.E.2d 561
 
 , 568 (2001).
 

 In the present case, the trial court denied Surety's motion to set aside based on its finding that no reason existed pursuant to N.C.G.S. § 15A-544.5 to set aside the forfeiture. Having denied the motion to set aside, the trial court had no authority to grant "partial relief" by reducing the amount owed on the bond.
 

 III.
 
 Conclusion
 

 Because we find no statutory basis upon which a trial court may deny a motion to set aside a bond forfeiture pursuant to N.C.G.S. § 15A-544.5, but reduce the amount owed on the executed bond, the trial court's order is vacated. On remand, the trial court shall enter an order directing Surety to pay the amount of the bond as executed, less any amounts already paid.
 

 VACATED AND REMANDED.
 

 Judges TYSON and INMAN concur.
 

 [1]
 

 "The Board's status as appellant in the instant case is due to its status as the ultimate recipient of the 'clear proceeds' of the forfeited appearance bond at issue herein, pursuant to Article IX, § 7 of the North Carolina Constitution."
 
 State v. Dunn
 
 ,
 
 200 N.C. App. 606
 
 , 607 n.1,
 
 685 S.E.2d 526
 
 , 527 n.1 (2009) (citation omitted).
 

 [2]
 

 No transcript of the hearing appears in the record on appeal, which was settled by operation of N.C. R. App. P. 11(b) after Surety took no action within the time allowed for responding to the proposed record on appeal. The Board of Education subsequently filed a motion to amend the record on appeal to add a narration of the trial court hearing.
 
 See
 
 N.C.R. App. P. 9(b)(5), 9(c)(1). No objection was filed, and this Court allowed the motion on 7 August 2017. According to the narration submitted by the Board of Education, at the hearing on the motion to set aside, an attorney for Surety "did not argue that any of the statutory bases for set aside had been met, however, [Surety's attorney] requested that [the trial court] award some relief on the amount of the bond forfeiture to be paid." After hearing arguments from both parties, the trial court "found that Surety had not established the grounds for set aside under N.C. Gen. Stat. § 15A-544.5 and denied Surety's motion. However, Judge Covolo then ordered [ ] Surety to pay a reduced bond forfeiture amount of $300.00."
 

 [3]
 

 Although not directly at issue in the present case, the exclusive reasons for which a bond forfeiture may be set aside are as follows:
 

 (1) The defendant's failure to appear has been set aside by the court and any order for arrest issued for that failure to appear has been recalled, as evidenced by a copy of an official court record, including an electronic record.
 

 (2) All charges for which the defendant was bonded to appear have been finally disposed by the court other than by the State's taking dismissal with leave, as evidenced by a copy of an official court record, including an electronic record.
 

 (3) The defendant has been surrendered by a surety on the bail bond as provided by G.S. 15A-540, as evidenced by the sheriff's receipt provided for in that section.
 

 (4) The defendant has been served with an Order for Arrest for the Failure to Appear on the criminal charge in the case in question as evidenced by a copy of an official court record, including an electronic record.
 

 (5) The defendant died before or within the period between the forfeiture and the final judgment as demonstrated by the presentation of a death certificate.
 

 (6) The defendant was incarcerated in a unit of the Division of Adult Correction
 
 and Juvenile Justice
 
 of the Department of Public Safety and is serving a sentence or in a unit of the Federal Bureau of Prisons located within the borders of the State at the time of the failure to appear as evidenced by a copy of an official court record or a copy of a document from the Division of Adult Correction
 
 and Juvenile Justice
 
 of the Department of Public Safety or Federal Bureau of Prisons, including an electronic record.
 

 (7) The defendant was incarcerated in a local, state, or federal detention center, jail, or prison located anywhere within the borders of the United States at the time of the failure to appear, and the district attorney for the county in which the charges are pending was notified of the defendant's incarceration while the defendant was still incarcerated and the defendant remains incarcerated for a period of 10 days following the district attorney's receipt of notice, as evidenced by a copy of the written notice served on the district attorney via hand delivery or certified mail and written documentation of date upon which the defendant was released from incarceration, if the defendant was released prior to the time the motion to set aside was filed.
 

 N.C.G.S. § 15A-544.5(b)(1)-(7) (2017) (emphases added to indicate 2017 amendments).
 

 [4]
 

 Surety's reliance on N.C.G.S. § 15A-544.8 is misplaced because Surety filed the motion to set aside before entry of a final judgment of forfeiture occurred. "A forfeiture becomes a final judgment of forfeiture on the 150th day after notice of forfeiture is given, unless a motion to set aside the forfeiture is either entered on or before
 
 or is pending on
 
 that date."
 
 State v. Gonzalez-Fernandez
 
 ,
 
 170 N.C. App. 45
 
 , 48-49,
 
 612 S.E.2d 148
 
 , 151 (2005) (citing N.C. Gen. Stat. § 15A-544.6 ) (emphasis added). Notice of forfeiture is effective when the notice is mailed. N.C. Gen. Stat. § 15A-544.4 (2017). In the present case, notice of forfeiture was mailed on 17 March 2016. Surety's bail agent filed the motion to set aside on 15 August 2016, the day the forfeiture would have become a final judgment. Thus, there was a motion to set aside "pending on that date," and the forfeiture did not become a final judgment by operation of the statute.