INMAN, Judge.
This is a case of hurry up and wait. What a difference a day makes.
When a surety and bail agent seek relief from an order and notice of bond forfeitures on the day the forfeitures are to become final judgments, the trial court is without authority to set aside the forfeitures in its discretion. The governing statute provides for limited circumstances in which relief is available prior to entry of final judgment, and the trial court is without discretion to grant relief on any other ground.
Factual and Procedural Background
The record tends to show the following:
On 15 February 2015, Defendant Justin Levon Slade ("Defendant") was charged and arrested in Alamance County for feloniously obtaining a credit card and feloniously obtaining property by false pretenses.
On 17 February 2015, Defendant was released on bond for $20,000. Appellee Linda Franklin ("Franklin") executed an appearance bond for Defendant for $15,000 and Crum & Forster Indemnity Co. (collectively "Appellees") covered the remaining $5,000.
After Defendant's pretrial release, he failed to attend any of his court dates over a two-year period.[1] When Defendant failed to appear for his 10 July 2017 appear date, the court ordered the bonds forfeited and issued an order for Defendant's arrest. The court's orders for forfeiture were issued on 17 July 2017 and provided for the final judgment date to be entered on 17 December 2017. A deputy clerk served the parties notices of the forfeitures on 20 July 2017.
Franklin attempted to find Defendant by contacting his family members and known acquaintances. Eventually, after employing a skip trace company, Franklin discovered that Defendant had been incarcerated in Brevard County, Florida since 25 August 2017-several weeks after his last failure to appear for a pretrial hearing in North Carolina. Franklin then made efforts to have Defendant returned to custody in North Carolina, including: contacting offices of the Florida and North Carolina Attorneys General; attempting to persuade the Alamance County District Attorney's Office to petition for a writ to secure Defendant's appearance; and requesting extradition proceedings.
After she failed to secure Defendant's return to North Carolina, Franklin hired an attorney to assist her with the bond forfeitures. The attorney told Franklin that the bond forfeitures "had been handled," but Franklin later learned on 17 December 2017 that the forfeited notices were still in effect.
On 18 December 2017, Appellees orally motioned to the court to set aside the notices of forfeiture on the two bonds. Counsel for the Alamance-Burlington Board of Education ("the Board") also appeared in the matter and did not object to the motion being heard.[2] Appellees argued that the court should set aside the forfeitures pursuant to N.C. Gen. Stat. § 15A-544.5 but presented no evidence to satisfy any circumstances provided for by that statute. Appellees then contended that the trial court should nonetheless use its discretion to grant them relief. The Board responded that the Court could not grant relief for any reason other than as provided in Section 15A-544.5. After hearing the parties' arguments, the trial court entered a written order summarizing Franklin's efforts to secure Defendant's return to North Carolina and setting aside the two bond forfeitures.[3] The Board appeals.
Analysis
The Board contends on appeal that the court erred in granting Appellees' motion based on a factor not within the scope of Section 15A-544.5, but instead within the scope of another statute, N.C. Gen. Stat. § 15A-544.8, which was not argued before the trial court.[4] We hold that, because the motion was heard on the day the forfeitures were to become final judgments, only Section 15A-544.5 applied and Appellees presented no evidence that could support any of the limited circumstances provided for in that statute.
N.C. Gen. Stat. § 15A-544.1 et seq. governs bail bond forfeiture, with two provisions allowing for relief from a forfeited bond, the first being mandatory while the latter discretionary. See generally State v. Knight , --- N.C. App. ----, 805 S.E.2d 751 (2017) (discussing Chapter 15A and a court's statutory authority to issue an order granting relief from a bond).
Section 15A-544.5 provides that a forfeited bond may be "set aside" under limited, enumerated circumstances so long as it has not yet become a final judgment. N.C. Gen. Stat. § 15A-544.5(d)(1) (2017) ; see also State v. Robertson , 166 N.C. App. 669, 670-71, 603 S.E.2d 400, 401 (2004) ("The exclusive avenue for relief from forfeiture of an appearance bond (where the forfeiture has not yet become a final judgment) is provided in G.S. § 15A-544.5."). A bond may only be set aside for one of seven enumerated reasons listed and "none other," and the court has no discretion to grant relief for any non-enumerated reason. N.C. Gen. Stat. § 15A-544.5(b). The exhaustive enumerated reasons are as follows:
(1) The defendant's failure to appear has been set aside by the court and any order for arrest issued for that failure to appear has been recalled, as evidenced by a copy of an official court record, including an electronic record.
(2) All charges for which the defendant was bonded to appear have been finally disposed by the court other than by the State's taking dismissal with leave, as evidenced by a copy of an official court record, including an electronic record.
(3) The defendant has been surrendered by a surety on the bail bond as provided by G.S. 15A-540, as evidenced by the sheriff's receipt provided for in that section.
(4) The defendant has been served with an Order for Arrest for the Failure to Appear on the criminal charge in the case in question as evidenced by a copy of an official court record, including an electronic record.
(5) The defendant died before or within the period between the forfeiture and the final judgment as demonstrated by the presentation of a death certificate.
(6) The defendant was incarcerated in a unit of the Division of Adult Correction and Juvenile Justice of the Department of Public Safety and is serving a sentence or in a unit of the Federal Bureau of Prisons located within the borders of the State at the time of the failure to appear as evidenced by a copy of an official court record or a copy of a document from the Division of Adult Correction and Juvenile Justice of the Department of Public Safety or Federal Bureau of Prisons, including an electronic record.
(7) The defendant was incarcerated in a local, state, or federal detention center, jail, or prison located anywhere within the borders of the United States at the time of the failure to appear, [or any time between the failure to appear and the final judgment date ,][5] and the district attorney for the county in which the charges are pending was notified of the defendant's incarceration while the defendant was still incarcerated and the defendant remains incarcerated for a period of 10 days following the district attorney's receipt of notice, as evidenced by a copy of the written notice served on the district attorney via hand delivery or certified mail and written documentation of date upon which the defendant was released from incarceration, if the defendant was released prior to the time the motion to set aside was filed.
Id. §§ 15A-544.5(b)(1)-(7) (emphasis added).
Section 15A-544.8, by contrast, is the exclusive means for relief after a forfeited bond becomes a final judgment. N.C. Gen. Stat. §§ 15A-544.8(a), (c)(1) (2017). The court may grant "relief" from a final judgment under only two circumstances: (1) the seeker of relief was not given proper notice; or (2) "extraordinary circumstances" are present such that the court, in its discretion, determines that relief is warranted. Id. § 15A-544.8(b).
A bond forfeiture becomes a final judgment against the bail agent and/or surety "150 days after the date on which notice was given." N.C. Gen. Stat. § 15A-544.5(d)(1). Here, both parties and the trial court determined that the bond forfeitures became final judgments against Appellees on 17 December 2017. That calculation is inaccurate. The notices of forfeiture provided that they would become final judgments on 17 December 2017, 150 days from the notice date. But 17 December 2017 was a Sunday. So the final judgment date was Monday, 18 December 2017. See N.C. Gen. Stat. § 1A-1, N.C. R. Civ. P. 6(a) (2017) ("The last day of the period so computed is to be included, unless it is a Saturday, Sunday or a legal holiday when the courthouse is closed for transactions, in which event the period runs until the end of the next day which is not a Saturday, Sunday, or a legal holiday when the courthouse is closed for transactions."); see also State v. Rakina , 49 N.C. App. 537, 540, 272 S.E.2d 3, 5 (1980) (stating that the time "period under [ Section 15A-544.1 et seq. 's predecessor] would have elapsed on 29 July 1979, a Sunday. Therefore the [last] day is deemed to have been Monday, July 30.").
Although Appellees motioned for a hearing on the forfeited bonds on 18 December 2017, the day of final judgment, a forfeiture only becomes a final judgment if: "(1) No order setting aside the forfeiture under [N.C. Gen. Stat. §] 15A-544.5 is entered on or before that date; and (2) [n]o motion to set aside the forfeiture is pending on that date ." N.C. Gen. Stat. §§ 15A-544.6(1) - (2) (2017) (emphasis added). Thus, because there was no prior set-aside order and Appellees' motion was heard on the day of final judgment, the forfeitures "did not become [ ] final judgment[s] by operation of the statute." Knight , --- N.C. App. at ----, 805 S.E.2d at 754 n.4. Consequently, if this Court were to assume that the trial court granted Appellees relief in its discretion based on "extraordinary circumstances" pursuant to Section 15A-544.8, rather than Section 15A-544.5, the trial court was without authority to do so as the forfeited bonds had not become final judgments yet.
While it is possible that the trial court could have potentially set aside the forfeited bonds pursuant to Section 15A-544.5-because the forfeited bonds were not final at the time of the hearing-the parties concede in their briefs that none of the circumstances provided in the statute existed and the record is devoid of any evidence that would render a contrary conclusion.[6] Thus, we conclude with the presumption that the trial court could not set aside the forfeited bonds as no enumerated reason within Section 15A-544.5(b) was established.
Conclusion
In sum, because the trial court could not grant relief either under Section 15A-544.5-as none of the limited circumstances enumerated in that statute existed-or Section 15A-544.8-as the forfeitures were not final judgments-the trial court lacked authority to grant relief in favor of Appellees.
VACATED.
Report per Rule 30(e).
Judges BRYANT and DIETZ concur.

The annotations in the record highlighting these dates are ambiguous and difficult to interpret, but both parties assert that Defendant failed to attend fifteen court dates.

No transcript appears in the record, but, pursuant to N.C. R. App. P. 9(c)(1), the Board created a narrative summarizing what transpired at the hearing. Appellees did not file an objection to the narrative.

The order did not specify what statutory provision the trial court relied on, only declaring that it was "in accordance with the laws of the State of North Carolina."

Appellees argue on appeal that the Board did not preserve its argument "relat[ing] to the discretion of the court to grant relief under [N.C. Gen. Stat. §] 15A.544.8." This argument is moot and we need not address it because we hold that the trial court, at the time of the hearing, lacked authority to issue its order pursuant to that statute.

This italicized portion is from the 2018 amendments and was absent during the relevant time of the parties' bond proceedings. Defendant began his incarceration in August 2017, after he failed to appear for his July 2017 court date. Thus, reason seven does not apply to Defendant.

The trial court's order is ambiguous on its face. Its title states that it is an "Order on Final Judgment," but concludes that the forfeited bonds should be "set aside," a phrase used solely by Section 15A-544.5, the provision governing relief from notices of forfeiture prior to the entry of final judgment. We need not resolve this discrepancy, however, because we nonetheless conclude that the trial court was without any legal authority to set aside the forfeitures.