STATE OF NORTH CAROLINA v. JACKIE LEE ROBERTSON

No. COA03-1618

(Filed 19 October 2004)

**Bail and Pretrial Release— bond forfeiture—motion to set aside—county jail not a unit of Department of Correction**

The trial court erred by granting respondent surety's motion to set aside a bond forfeiture under N.C.G.S. § 15A-544.5(b)(6), because: (1) on the date of defendant's failure to appear, defendant was not incarcerated in a unit of the Department of Correction (DOC) although he was being held in a county jail on an extradition warrant from Virginia since the jail is a local confinement facility which is not a unit of the DOC; and (2) defendant was not serving a judicially imposed sentence.

Appeal by the Winston-Salem/Forsyth County Board of Education from order entered 18 September 2003 by Judge Lisa V. Menefee in Forsyth County District Court. Heard in the Court of Appeals 1 September 2004.

*Steven A. McCloskey for the Winston-Salem/Forsyth County Board of Education.*

*Morrow Alexander Tash Kurtz & Porter, P.L.L.C., by Benjamin D. Porter and Charles J. Alexander, II, for Howard H. Davis.*

LEVINSON, Judge.

The Board of Education, Winston-Salem/Forsyth County Schools appeals from a district court order granting respondent surety's motion to set aside a bond forfeiture. We reverse.

Jackie Lee Robertson (Robertson) was arrested in Forsyth County, North Carolina, on 4 January 2003 for driving while impaired (DWI) and driving while license revoked (DWLR). Howard H. Davis (Davis) signed as surety on Robertson's appearance bond for pre-trial release; the bond was in the amount of $5,000. Robertson was released and ordered to appear in Forsyth County District Court on the morning of 17 April 2003.

On 16 April 2003, Robertson was detained by the Surry County, North Carolina, Sheriff's Department on an extradition warrant for charges outstanding in Carroll County, Virginia. Robertson was booked in the Surry County Jail at 12:39 a.m. on the morning

of 17 April 2003, and bond was set in the amount of $75,000. Robertson waived extradition, and the record indicates he was remanded to Virginia law enforcement authorities on or about 21 April 2003.

Meanwhile, upon Robertson's failure to appear in Forsyth County District Court on 17 April 2003 on the DWI and DWLR charges, the Forsyth County Clerk of Court issued an Order for Arrest for Robertson, and his $5,000 bond was ordered forfeited pursuant to N.C.G.S. § 15A-544.3 (2003). On 28 August 2003, Davis filed a Motion to Set Aside Forfeiture. Davis argued he was entitled to have the forfeiture set aside pursuant to N.C.G.S. § 15A-544.5(b)(6) (2003), which provides relief from forfeiture where the defendant is incarcerated in a unit of the Department of Corrections (DOC) and serving a sentence at the time of the failure to appear.

The Forsyth County Board of Education objected to the motion, and a hearing was held on 18 September 2003. At the hearing, Davis argued he was entitled to the set-aside because on 17 April 2003 Robertson was being held in Surry County on the extradition warrant relating to the Virginia charges, preventing Robertson from appearing on that date in Forsyth County on the DWI and DWLR charges. The School Board contended that the surety had not satisfied the requirements of G.S. § 15A-544.5(b)(6), in that: 1) Robertson was not incarcerated in a unit of the Department of Corrections (but was, instead, in the Surry County Jail); and 2) Robertson was not serving a sentence. The district court granted the surety's Motion to Set Aside Forfeiture, and the School Board now appeals.

The sole issue before this Court is whether the district court erred in granting Davis' motion to set aside the bond forfeiture under G.S. § 15A-544.5(b)(6). The School Board contends Davis failed to present a legally sufficient reason to set aside the forfeiture under this specific provision. We agree.

In North Carolina, forfeiture of an appearance bond is controlled by statute. "If a defendant who was released . . . upon execution of a bail bond fails on any occasion to appear before the court as required, the court shall enter a forfeiture for the amount of that bail bond in favor of the State against the defendant and against each surety on the bail bond." G.S. § 15A-544.3(a). Notice of the forfeiture is given to the defendant and to his or her surety pursuant to G.S. § 15A-544.4. The exclusive avenue for relief from forfeiture of an appearance bond (where the forfeiture has not yet become a final judgment) is pro-

vided in G.S. § 15A-544.5. The reasons for setting aside a forfeiture are those specified in subsection (b):

> Reasons for Set Aside.—A forfeiture shall be set aside for any one of the following reasons, **and none other**:
>
> (1) The defendant's failure to appear has been set aside by the court and any order for arrest issued for that failure to appear has been recalled, as evidenced by a copy of an official court record. . . .
>
> (2) All charges for which the defendant was bonded to appear have been finally disposed by the court other than by the State's taking dismissal with leave, as evidenced by a copy of an official court record. . . .
>
> (3) The defendant has been surrendered by a surety on the bail bond as provided by G.S. 15A-540, as evidenced by the sheriff's receipt provided for in that section.
>
> (4) The defendant has been served with an Order for Arrest for the Failure to Appear on the criminal charge in the case in question.
>
> (5) The defendant died before or within the period between the forfeiture and the final judgment as demonstrated by the presentation of a death certificate.
>
> (6) The defendant was **incarcerated in a unit of the Department of Correction and is serving a sentence** or in a unit of the Federal Bureau of Prisons located within the borders of the State at the time of the failure to appear.

G.S. § 15A-544.5(b) (emphasis added).

Because incarceration in a unit of the Federal Bureau of Prisons is not implicated here, subparagraph (6) has two requirements: (i) that the defendant be "incarcerated in a unit of the Department of Correction," **and** (ii) that he be serving a sentence. *Id.* Neither of these two prongs is satisfied. On the date of Robertson's failure to appear in Forsyth County District Court, Robertson was not incarcerated in a unit of the Department of Correction. A county jail is a "local confinement facility" and not a unit of the DOC. *See* Opinion of the Attorney General to Mr. Bruce E. Colvin, Assistant County Attorney, Forsyth County, 55 Op. Att'y Gen. N.C. 21 (1985) ("misdemeanants with sentences of 180 days or less are not to be sent to the

Department of Correction, but must be jailed in a 'local confinement facility' . . . [as] defined in G.S. § 153A-217(5).") (construing N.C.G.S. §§ 15-6 and 15A-1352(a)). As to the second prong of the statute, Robertson was not serving a judicially imposed sentence.

The surety concedes he has failed to satisfy the statutory requirements for relief from forfeiture under the only statute he relies upon, G.S. § 15A-544.5(b)(6), but nonetheless argues that he is entitled to a set-aside because Robertson's confinement in the Surry County Jail is functionally equivalent to incarceration in a unit of the DOC. This argument, however, is for the General Assembly to address. We are bound by the statute. The order of the trial court is

Reversed.

Judges GEER and THORNBURG concur.