STATE v. SANCHEZ

[175 N.C. App. 214 (2005)]

STATE OF NORTH CAROLINA v. NOEL ARELLANO SANCHEZ

No. COA05-185

(Filed 20 December 2005)

**Bail and Pretrial Release— appearance bond—forfeiture— grounds for relief—notice**

The trial court lacked authority to grant surety's motion to set aside an entry of forfeiture of an appearance bond under N.C.G.S. § 15A-544.4(e) on the ground that the surety was not provided with notice of the forfeiture within thirty days after entry of forfeiture, and the case is remanded with instructions for the trial court to either dismiss surety's motion or deny the same for the reasons set forth in the Court of Appeals opinion, because: (1) surety's motion to set aside the entry of forfeiture was not premised on any ground set forth in N.C.G.S. § 15A-544.5, and that statute states there shall be no relief from a forfeiture except as provided in the statute and that a forfeiture shall be set aside for any one of the reasons set forth in Section (b)(1-6) and none other; (2) sureties are not without recourse where notices of forfeiture are not in compliance with N.C.G.S. § 15A-544.4 since the General Assembly specifically made allowance for relief from final judgment of forfeiture for faulty notice, N.C.G.S. § 15A-544.8(b)(1); and (3) the fact that the General Assembly omitted faulty notice as a ground for relief from an entry of forfeiture suggests the legislature made a conscious choice in this regard.

Appeal by surety from judgment entered 15 November 2004 by Judge Edgar B. Gregory in Yadkin County District Court. Heard in the Court of Appeals 13 October 2005.

*Shore, Hudspeth & Harding, PA, by N. Lawrence Hudspeth, III for Yadkin County Schools.*

*Morrow, Alexander, Tash, Kurtz & Porter, PLLC, by Benjamin D. Porter, for defendant surety.*

LEVINSON, Judge.

Appellant American Safety Casualty (surety) appeals from an order entered 15 November 2004 denying its motion to set aside forfeiture. We reverse.

STATE v. SANCHEZ

[175 N.C. App. 214 (2005)]

On 19 May 2004 surety signed, by the signature of bail agent Michael A. Williams, an appearance bond in the amount of $50,000.00 for the pretrial release of criminal defendant Noel Arellano Sanchez. Sanchez was charged with conspiring to traffic in cocaine.

On 21 July 2004 Sanchez failed to appear for a court appearance. The trial court directed in open court that an order for arrest and an order of forfeiture issue, and that the clerk of court give notice to the defendant and all sureties that the appearance bond posted for the defendant was to be forfeited. Subsequently, a Bond Forfeiture Notice was prepared by the clerk and keyed into the Civil Case Processing System maintained by the North Carolina Administrative Office of the Courts on 27 August 2004. This Notice listed 21 July 2004 as the date of forfeiture and 24 January 2005 as the final judgment date. The notice of forfeiture was served on defendant and all sureties on 27 August 2004.

On 1 September 2004 surety, through bail agent Michael A. Williams, moved to set aside the entry of forfeiture pursuant to N.C. Gen. Stat. § 15A-544.4(e) on the grounds that surety was not provided with notice of the forfeiture within thirty days after entry of forfeiture.

Surety's motion to set aside forfeiture was heard 3 November 2004 before the trial court, and an order denying the same was entered 15 November 2004. The trial court concluded that the forfeiture was "entered on August 27, 2004", and that surety was "afforded the appropriate opportunity to respond."

Surety appeals.

---

As a preliminary matter, we note that appellant did not set forth the grounds for appellate review in its brief as required by N.C.R. App. P. 28(b)(4), and neither party has addressed whether the subject order on appeal is interlocutory or is, alternatively, a "final order" within the meaning of N.C. Gen. Stat. § 15A-544.5(h) (2003) ("An order on a motion to set aside a forfeiture is a final order or judgment of the trial court for purposes of appeal."). Under N.C. Gen. Stat. § 1A-1, Rule 54(a) (2003), a judgment "is either interlocutory or the final determination of the rights of the parties." "A final judgment is one which disposes of the cause as to all parties, leaving nothing to be judicially determined between them in the trial court." *Veazey v. Durham*, 231 N.C. 357, 361-62, 57 S.E.2d 377, 381 (1950). "Generally, there is no right of immediate appeal from interlocutory orders and

judgments." *Sharpe v. Worland*, 351 N.C. 159, 161, 522 S.E.2d 577, 578 (1999). While the order on appeal clearly constitutes a ruling on surety's motion to set aside the order of forfeiture, it is not based on any of the "Reasons for Set Aside" set forth in N.C. Gen. Stat. § 15A-544.5(b) (2003). We reserve for another day the issue of whether the General Assembly intended to permit a party to take appeal from every order on a motion to set aside a forfeiture based upon reasons not set forth by the General Assembly in G.S. § 15A-544.5(b). For purposes of this appeal, we assume that the order on appeal is a final order subject to immediate appellate review.

Surety argues that the trial court erred by denying its motion to set aside the forfeiture due to lack of timely notice under N.C. Gen. Stat. § 15A-544.4(e) (2003). Specifically, surety argues that, because the notice of forfeiture was mailed more than thirty days after the date the forfeiture was "entered", the entry of forfeiture must be set aside. Thus, surety contends, the forfeiture was "entered" on 21 July 2004 when the defendant failed to appear and the trial court directed that an order for arrest and forfeiture issue. The School Board argues, on the contrary, that the notice of forfeiture was not "entered" until the information regarding the bond forfeiture was keyed into the Civil Case Processing System and the Bond Forfeiture Notice prepared by the clerk on 27 August 2004. Thus, under the School Board's reasoning, the notice of forfeiture would have been timely.

G.S. § 15A-544.4(e) provides:

Notice under this section shall be mailed not later than the thirtieth day after the date on which the forfeiture is entered. If notice under this section is not given within the prescribed time, the forfeiture shall not become a final judgment and shall not be enforced or reported to the Department of Insurance.

"The exclusive avenue for relief from forfeiture of an appearance bond (where the forfeiture has not yet become a final judgment) is provided in G.S. § 15A-544.5." *State v. Robertson*, 166 N.C. App. 669, 670-71, 603 S.E.2d 400, 401 (2004). N.C. Gen. Stat. § 15A-544.5 (2003) provides, in pertinent part:

(a) Relief Exclusive.—There shall be no relief from a forfeiture except as provided in this section. The reasons for relief are those specified in subsection (b) of this section.

. . .

**STATE v. SANCHEZ**

[175 N.C. App. 214 (2005)]

(b) Reasons for Set Aside.—A forfeiture shall be set aside for any one of the following reasons, and none other:

  (1) The defendant's failure to appear has been set aside by the court and any order for arrest issued for that failure to appear has been recalled, as evidenced by a copy of an official court record, including an electronic record.

  (2) All charges for which the defendant was bonded to appear have been finally disposed by the court other than by the State's taking dismissal with leave, as evidenced by a copy of an official court record, including an electronic record.

  (3) The defendant has been surrendered by a surety on the bail bond as provided by G.S. 15A-540, as evidenced by the sheriff's receipt provided for in that section.

  (4) The defendant has been served with an Order for Arrest for the Failure to Appear on the criminal charge in the case in question.

  (5) The defendant died before or within the period between the forfeiture and the final judgment as demonstrated by the presentation of a death certificate.

  (6) The defendant was incarcerated in a unit of the Department of Correction and is serving a sentence or in a unit of the Federal Bureau of Prisons located within the borders of the State at the time of the failure to appear.

N.C. Gen. Stat. § 15A-544.8 (2003) provides, in pertinent part:

(a) Relief Exclusive.—There is no relief from a final judgment of forfeiture except as provided in this section.

(b) Reasons.—The court may grant the defendant or any surety named in the judgment relief from the judgment, for the following reasons, and none other:

  (1) The person seeking relief was not given notice as provided in G.S. 15A-544.4.

  (2) Other extraordinary circumstances exist that the court, in its discretion, determines should entitle that person to relief.

In the instant case, surety's motion to set aside the entry of forfeiture was not premised on any ground set forth in G.S. § 15A-544.5. This statute clearly states that "[t]here shall be no relief from a forfeiture" except as provided in the statute, and that a forfeiture "shall be set aside for any one of the [reasons set forth in Section (b)(1-6)], and none other." The trial court, then, lacked the authority to grant surety's motion. Furthermore, while both parties urge this Court to resolve the issue of when a notice of forfeiture is "entered" within the meaning of G.S. § 15A-544.4(e), we decline to do so. A determination of when the notice of forfeiture was entered is not essential to our holding and would therefore constitute *dicta. See Hayes v. Wilmington*, 243 N.C. 525, 536-37, 91 S.E.2d 673, 682 (1956) ("[I]f the statement in the opinion was . . . superfluous and not needed for the full determination of the case, it is not entitled to be accounted a precedent[.]").

We observe that sureties are not without recourse where notices of forfeiture are not in compliance with G.S. 15A-544.4. *See* G.S. § 15A-544.8(b)(1). That the General Assembly specifically made allowance for relief from final judgment of forfeiture for faulty notice, and omitted the same as a ground for relief from an entry of forfeiture, suggests the legislature made a conscious choice in this regard. *See Investors, Inc. v. Berry*, 293 N.C. 688, 695, 239 S.E.2d 566, 570 (1977) ("In interpreting statutes, the primary duty of this Court is to ascertain and effectuate the intent of the Legislature.") (citations omitted).

We reverse and remand with instructions for the trial court judge to either dismiss surety's motion or deny the same for the reasons set forth in this opinion.

Reversed.

Judges McCULLOUGH and ELMORE concur.