STATE OF NORTH CAROLINA v. MARCO ANTONIO LAZARO

No. COA07-937

(Filed 20 May 2008)

**Bail and Pretrial Release— forfeiture of appearance bond— motion to set aside—printouts of jail records—evidence not sufficient**

The trial court erred by setting aside a forfeiture of an appearance bond where the surety presented only printouts of records from the sheriff's office that did not support the finding that defendant was incarcerated in a unit of the North Carolina Department of Correction or is in a unit of the Federal Bureau of Prisons within North Carolina. A county jail is not a unit of the Department of Correction and deportation is not listed as one of the six exclusive grounds that allow the court to set aside a bond forfeiture. N.C.G.S. § 15A-544.5(b).

Appeal by the Mecklenburg County Board of Education from order entered 14 March 2007 by Judge Philip F. Howerton, Jr. in Mecklenburg County District Court. Heard in the Court of Appeals 3 March 2008.

*James, McElroy & Diehl, P.A., by Jon P. Carroll, for the Mecklenburg County Board of Education.*

*No brief filed for Sherman F. Crowder, surety-appellee.*

CALABRIA, Judge.

The Mecklenburg County Board of Education ("BOE") appeals from an order granting surety Sherman F. Crowder's ("the surety") motion to set aside a bond forfeiture. We reverse and remand.

On 25 October 2002, Marco Antonio Lazaro ("defendant") was charged with driving while impaired in violation of N.C. Gen. Stat. § 20-138.1 and his release was authorized upon the execution of a bond in the amount of $1,500. The appearance bond was executed by a third-party bondsman. Defendant's court date was set for 4 December 2002 in Mecklenburg County District Court. When defendant failed to appear in court on that date, an order for his arrest and a bond forfeiture notice were issued on 16 December 2002. Defendant was arrested on 9 January 2003 and a new bond

was set in the amount of $3,000. Defendant was later released on a second appearance bond.

On 3 March 2003, defendant failed to appear in court. The district court issued an order for arrest on 5 March 2003. Defendant was arrested on 6 May 2006 and his bond was set at $6,000.

On 11 May 2006, defendant was released on an appearance bond executed by the surety. Defendant's new court date was scheduled for 7 November 2006. Defendant again failed to appear in court and the Mecklenburg County Clerk of Court issued an order for arrest and a bond forfeiture notice on 8 November 2006 and the notice was mailed to the surety on the same day. The bond forfeiture notice stated the bond would become a final judgment on 7 April 2007.

On 29 December 2006, the surety moved to set aside the $6,000 forfeiture notice on the basis that "defendant was incarcerated in a unit of the Department of Correction and is serving a sentence or in a unit of the Federal Bureau of Prisons located within the borders of the state at the time of the failure to appear." The BOE objected to the motion on 3 January 2007 and a hearing date was scheduled for 14 February 2007 then continued until 14 March 2007. On 14 March 2007, Mecklenburg County District Court Judge Philip F. Howerton, Jr. entered an order granting the surety's motion to set aside the bond forfeiture. From this order, the BOE appeals.

## I. Standard of Review

The standard of review on appeal where a trial court sits without a jury is whether there was competent evidence to support the trial court's findings of fact and whether its conclusions of law were proper in light of such facts. *Keel v. Private Bus., Inc.*, 163 N.C. App. 703, 707, 594 S.E.2d 796, 799 (2004) (citation omitted).

## II. Motion to Set Aside Bond Forfeiture

The BOE argues the surety's evidence does not support a finding that defendant was incarcerated in a unit of the Department of Correction or in a unit of the Federal Bureau of Prisons located within the borders of North Carolina at the time of his failure to appear on 7 November 2006. We agree.

The reasons to set aside a bond forfeiture are governed by statute. *State v. Robertson*, 166 N.C. App. 669, 670, 603 S.E.2d 400, 401 (2004). If a defendant is released upon execution of a bail bond and fails to appear in court as required, "the court shall enter a

forfeiture for the amount of that bail bond in favor of the State against the defendant and against each surety on the bail bond." N.C. Gen. Stat. § 15A-544.3(a) (2005). Relief from a forfeiture, before the forfeiture becomes a final judgment, is exclusive and limited to the reasons provided in N.C. Gen. Stat. § 15A-544.5. N.C. Gen. Stat. § 15A-544.5(a) (2005); *Robertson,* 166 N.C. App. at 670, 603 S.E.2d at 401. Those reasons are:

(1) The defendant's failure to appear has been set aside by the court and any order for arrest issued for that failure to appear has been recalled, as evidenced by a copy of an official court record, including an electronic record.

(2) All charges for which the defendant was bonded to appear have been finally disposed by the court other than by the State's taking dismissal with leave, as evidenced by a copy of an official court record, including an electronic record.

(3) The defendant has been surrendered by a surety on the bail bond as provided by G.S. 15A-540, as evidenced by the sheriff's receipt provided for in that section.

(4) The defendant has been served with an Order for Arrest for the Failure to Appear on the criminal charge in the case in question as evidenced by a copy of an official court record, including an electronic record.

(5) The defendant died before or within the period between the forfeiture and the final judgment as demonstrated by the presentation of a death certificate.

(6) The defendant was incarcerated in a unit of the North Carolina Department of Correction and is serving a sentence or in a unit of the Federal Bureau of Prisons located within the borders of the State at the time of the failure to appear as evidenced by a copy of an official court record or a copy of a document from the Department of Correction or Federal Bureau of Prisons, including an electronic record.

N.C. Gen. Stat. § 15A-544.5(b) (2005).[1]

---

1. The General Assembly amended N.C. Gen. Stat. § 15A-544.5(b) in 2007 to add a seventh reason. *See* N.C. Gen. Stat. § 15A-544.5(b)(7) (2007) (amended by N.C. Sess. Laws 2007-105, eff. Oct. 1, 2007). This reason is not relevant to this appeal since the motion to set aside the bond forfeiture was filed and ruled on before the effective date of the amendment.

Here, the surety presented computer printouts of inmate records from the Mecklenburg County Sheriff's Office indicating that defendant was in the custody of the Mecklenburg County Sheriff on 28 September 2006 and released on 2 November 2006. The surety also attached another printout titled "Charge Display" and a document titled "Sentence Display" with the defendant's name and inmate number and the notation "ICE" and "ICEP." "ICE" is an acronym for Immigration and Customs Enforcement. At the hearing, the surety argued that defendant had been deported and for that reason was unable to appear at the 7 November 2006 court hearing.

### III. Conclusion

We conclude that the trial court's findings were not supported by competent evidence. The documents presented by the surety indicate defendant was released from the Mecklenburg County Sheriff's Office on 2 November 2006. Defendant's court date was scheduled for 7 November 2006. The surety presented no additional evidence other than the printouts. The printouts do not support a finding that the defendant was "incarcerated in a unit of the North Carolina Department of Correction and is serving a sentence or in a unit of the Federal Bureau of Prisons located within the borders of the State at the time of the failure to appear. . . ." A county jail is not a unit of the Department of Correction. *See Robertson,* 166 N.C. App. at 671, 603 S.E.2d at 402. Furthermore, deportation is not listed as one of the six exclusive grounds that allowed the court to set aside a bond forfeiture. *Id.* at 670-71, 603 S.E.2d at 401 ("The exclusive avenue for relief from forfeiture of an appearance bond . . . is provided in G.S. § 15A-544.5."). Therefore, the trial court erred in granting the surety's motion to set aside the bond forfeiture.

Reversed and remanded.

Chief Judge MARTIN and Judge GEER concur.