725 S.E.2d 7 (2012)
STATE of North Carolina
v.
Marsha Lynn WILLIAMS, Defendant.
[International Fidelity Ins. Co., Beasley Bail Bonding Company, Inc.].
No. COA11-721.
Court of Appeals of North Carolina.
February 7, 2012.
*8 White & Allen, P.A., New Bern, by Brian J. Gatchel, for Appellee Craven County Board of Education.
Greene & Wilson, P.A., New Bern, by Kelly L. Greene and Thomas Reston Wilson for Appellant Surety.
BEASLEY, Judge.
International Fidelity Ins., Co., Beasley Bail Bonding Company, Inc. (Surety) appeals the trial court's final judgment granting it partial relief. For the following reasons, we affirm.
On 4 September 2009, Marsha Lynn Williams (Defendant) was charged with operating a motor vehicle while subject to an impairing substance, and operating a vehicle with an open container of alcoholic beverages after drinking. Surety executed a $1,500.00 appearance bond on behalf of Defendant. On 10 March 2010, Defendant failed to appear, Defendant's bond was forfeited, and a warrant was issued for her arrest. On 22 March 2010, a bond forfeiture notice was issued. The forfeiture became a final judgment on 19 August 2010.
Surety paid the total forfeiture before the close of business on 19 August 2010, but continued to search for Defendant. Surety located and surrendered Defendant to the Sheriff of Craven County on 19 August 2010 at 9:40 p.m. On 20 August 2010, Surety filed a Motion to Set Aside Forfeiture and Petition for Remission. In an order filed 14 February 2011, the trial court ordered partial remission of the bond pursuant to N.C. Gen. Stat. § 15A-544.8(b)(2). On 25 February 2011, Surety filed timely notice of appeal.
Surety argues that the trial court erred when it denied its motion to set aside the bond forfeiture order. We disagree.
"`Questions of statutory interpretation are questions of law, which are reviewed de novo by an appellate court. In conducting this review, we are guided by the following principles of statutory construction.'" State v. Largent, 197 N.C.App. 614, 617, 677 S.E.2d 514, 517 (2009) (quoting In Re Proposed Assessments v. Jefferson-Pilot, 161 N.C.App. 558, 559-60, 589 S.E.2d 179, 180-81 (2003)). "Where the language of a statute is clear and *9 unambiguous there is no room for judicial construction and the courts must give it its plain and definite meaning, and the courts are without power to interpolate, or superimpose, provisions and limitations not contained therein." Id. (internal quotation marks and citations omitted).
"The exclusive avenue for relief from forfeiture of an appearance bond (where the forfeiture has not yet become a final judgment) is provided in G.S. § 15A-544.5." State v. Robertson, 166 N.C.App. 669, 670-71, 603 S.E.2d 400, 401 (2004). Pursuant to N.C. Gen.Stat. § 15A-544.5(b)(3) (2011), a forfeiture may be set aside when "[t]he defendant has been surrendered by a surety on the bail bond as provided by G.S. 15A-540, as evidenced by the sheriff's receipt[.]" If a reason to set aside forfeiture exists, then the party seeking to set aside the forfeiture must "[a]t any time before the expiration of 150 days after the date on which notice was given... make a written motion that the forfeiture be set aside[.]" N.C. Gen.Stat. § 15A-544.5(d)(1) (2011).
There is no dispute about the facts of this case. Surety surrendered Defendant on 19 August 2010 to the Craven County Sheriff at 9:40 p.m. and because the court was closed, Surety filed the Motion to Set Aside forfeiture on 20 August 2010 which was outside the 150 days required under N.C. Gen. Stat. § 15A-544.5(d). Surety argues that the 150 day period should not expire when the courthouse closes, but should be extended until 11:59 p.m.
When calculating a period of time prescribed or allowed by statute "[t]he last day of the period so computed is to be included, unless it is a Saturday, Sunday or a legal holiday when the courthouse is closed for transactions[.]" N.C. Gen.Stat. § 1A-1, Rule 6(a) (2011). Rule 6 shows that only weekends and legal holidays are recognized as days which the statutory time limit can be automatically extended. The legislature was aware of times that the court would be closed on regular weekdays, but made no provision for how to treat weekdays after business hours. Contrary to Surety's assertion, we must assume that deadlines for filing documents with the court are subject to the hours when the court is open for business. Because the statute is clear and unambiguous, we are without authority to interpret N.C. Gen.Stat. § 15A-544.5(d) to extend the time limits proscribed therein in the manner contended for by Surety. Therefore, Surety's argument is without merit.
Next, Surety asserts that the trial court abused its discretion in failing to fully remit the forfeited amount pursuant to N.C. Gen. Stat. § 15A-544.8(b)(2) (2011).
Surety argues that because the trial court found extraordinary circumstances warranting partial remission, remission should be in full unless the trial court makes specific findings supporting partial remission. Surety cites no authority in support of this proposition. "Without [appellant] presenting a legal basis for awarding such relief, we cannot reverse the trial court. As our Supreme Court has stressed, `[i]t is not the role of the appellate courts ... to create an appeal for an appellant.'" Citizens Addressing Reassignment & Educ., Inc. v. Wake Cty. Bd. of Educ., 182 N.C.App. 241, 247, 641 S.E.2d 824, 828 (2007) (quoting Viar v. N.C. Dep't of Transp., 359 N.C. 400, 402, 610 S.E.2d 360, 361 (2005)).
Finally, Craven County Board of Education (the Board) argues that the trial court abused its discretion by granting a partial remission where the trial court's only basis for finding extraordinary circumstances was the fact that Surety surrendered Defendant to the Craven County Sheriff. Although the Board has submitted an issue for review, this issue is not properly before us.
The North Carolina Rules of Appellate Procedure provides that an appellee "[w]ithout taking an appeal, ... appellee may present issues on appeal based on any action or omission of the trial court that deprived the appellee of an alternative basis in law for supporting the judgment, order, or other determination from which appeal has been taken." N.C.R.App. 28(c). Here, the Board did not give notice of appeal and did not raise an alternative basis in law. In CDC Pineville, LLC v. UDRT of N.C., LLC, 174 N.C.App. 644, 657, 622 S.E.2d 512, 521 (2005), this Court held that

*10 Plaintiff's cross-assignment of error regarding the damages award is not an alternative basis, but rather constitutes an attack on the judgment itself. Plaintiff's arguments concerning the damages award attempt to show how the trial court erred in its findings of fact and conclusions of law, and do not provide an "alternate basis" for supporting the court's award of damages. The correct method for plaintiff to have raised this question on appeal was to have raised the issue on cross-appeal.
Similarly, the Board attacks the trial court's grant of partial remission by arguing that the trial court's findings of fact did not support its conclusion of law. This is not an alternative basis. Therefore, we are without authority to consider the Board's argument because it failed to properly preserve the issue for appellate review.
Affirmed.
Judges ERVIN and THIGPEN concur.