IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA19-790

 Filed: 16 June 2020

Cumberland County, No. 17 CRS 060527

STATE OF NORTH CAROLINA

 v.

DEVONTA OZELL SMITH, Defendant

and

INTERNATIONAL FIDELITY INSUR., Surety,

CHRYSTAL M. MYERS, Agent

 Appeal by Cumberland County Board of Education from Order entered 31 May

2019 by Judge James F. Ammons, Jr. in Cumberland County Superior Court. Heard

in the Court of Appeals 18 February 2020.

 Cumberland County Board of Education, by Nickolas J. Sojka, Jr., for plaintiff-
 appellant Cumberland County Board of Education.

 The Richardson Firm, PLLC, by Matthew H. Richardson, for third-party
 defendant-appellee Chrystal M. Myers.

 Tharrington Smith, L.L.P., by Stephen G. Rawson, and North Carolina School
 Boards Association, by Allison B. Schafer, for amicus North Carolina School
 Boards Association.

 HAMPSON, Judge.

 Factual and Procedural Background
 STATE V. SMITH

 Opinion of the Court

 The Cumberland County Board of Education (Board)1 appeals from the trial

court’s Order Granting Motion to Set Aside Forfeiture (Order) under N.C. Gen. Stat.

§ 15A-544.5. The Record before us tends to show the following:

 On 31 October 2018, Devonta Ozell Smith (Defendant) failed to appear in

Cumberland County Superior Court on two criminal charges. On 15 November 2018,

the trial court issued a Bond Forfeiture Notice ordering the forfeiture of an

appearance bond for Defendant in the amount of $25,000.00 posted by Chrystal M.

Myers (Myers) as Bail Agent on behalf of International Fidelity Insurance Company

(Surety). The Bond Forfeiture Notice set a final judgment date of 20 April 2019, on

or before which a motion to set aside forfeiture could be filed. The Bond Forfeiture

Notice was served on Myers and Surety on 21 November 2018.

 On 15 April 2019, Myers filed a Motion to Set Aside Forfeiture utilizing the

pre-printed form, Form AOC-CR-213. The form lists the seven exclusive statutory

reasons—under N.C. Gen. Stat. § 15A-544.5(b)—for which a bond forfeiture may be

set aside and includes corresponding boxes for a movant to mark the specific reason(s)

alleged for setting aside the forfeiture. See N.C. Gen. Stat. § 15A-544.5(b) (2019). On

this form, Myers checked Box 6 comporting with N.C. Gen. Stat. § 15A-544.5(b)(6):

 The defendant was incarcerated in a unit of the Division of Adult
 Correction and Juvenile Justice and is serving a sentence or in a

 1 “The Board’s status as appellant in the instant case is due to its status as the ultimate
recipient of the ‘clear proceeds’ of the forfeited appearance bond at issue herein, pursuant to Article
IX, § 7 of the North Carolina Constitution.” State v. Chestnut, 255 N.C. App. 772, 772 n.1, 806 S.E.2d
332, 333 n.1 (2017) (citation and quotation marks omitted).

 -2-
 STATE V. SMITH

 Opinion of the Court

 unit of the Federal Bureau of Prisons located within the borders
 of the state at the time of the failure to appear as evidenced by a
 copy of an official court record or copy of a document from the
 Division of Adult Correction and Juvenile Justice or Federal
 Bureau of Prisons, including an electronic record.

Myers attached to her Motion a letter from a United States probation officer from the

Eastern District of North Carolina, stating: “Our records show that [Defendant] is

currently in U.S. Marshal’s custody, and being housed at Piedmont Regional Jail in

Farmville, VA. The records further show that he has been in federal custody since

March 6, 2018.”

 On 3 May 2019, the Board filed an Objection to the Motion to Set Aside

Forfeiture. In its Objection, the Board pointed out Myers’s Motion, on behalf of

Surety, established Defendant was incarcerated in Virginia. The Board further

alleged, “[o]ur research has indicated that the Defendant has been in the Piedmont

Regional Jail in Farmville, VA since September 12, 2018, and he is still currently

incarcerated at this jail.” The Board claimed Myers’s Motion should be denied

because Defendant was incarcerated in Virginia and not North Carolina and thus the

specific requirements of N.C. Gen. Stat. § 15A-544.5(b)(6) for setting aside

Defendant’s bail forfeiture—including requiring Defendant be incarcerated “within

the borders of the State”—were not met. Id. § 15A-544.5(b)(6).

 The trial court held a hearing on Myers’s Motion and the Board’s Objection on

13 May 2019. At this hearing, the attorney for the Board reasserted that while

 -3-
 STATE V. SMITH

 Opinion of the Court

Myers’s Motion alleged Defendant was incarcerated within the borders of North

Carolina, Defendant was, in fact, incarcerated in Virginia and therefore Myers’s

Motion was deficient and should be denied. The Board’s attorney acknowledged the

separate statutory ground for setting aside the bond forfeiture under N.C. Gen. Stat.

§ 15A-544.5(b)(7)—lining up with Box 7 on Form AOC-CR-213—in the circumstance

a defendant is “incarcerated in a local, state, or federal detention center, jail or prison

located anywhere within the borders of the United States at the time of the failure to

appear[.]”2 Id. § 15A-544.5(b)(7). However, the Board’s attorney contended this

ground was not met because it contains a separate 10-day notice provision to the

District Attorney’s Office and “there is no evidence that, that was ever done.” The

Board’s attorney summarized his argument:

 So, our objection is that the basis for the set-aside that was
 claimed in the motion is just factually incorrect. If they had
 gotten the correct basis, then they would have been up against
 that ten days. And there’s no way to do that on the very last day
 when the judgment became final.

 2 Box 7 on Form AOC-CR-213 provides:

 The defendant was incarcerated in a local, state, or federal detention center,
 jail, or prison located anywhere within the borders of the United States at the
 time of the failure to appear or between the failure to appear and the final
 judgment date, and the district attorney for the county in which the charges
 are pending was notified of the defendant’s incarceration while the defendant
 was still incarcerated and the defendant remains incarcerated for a period of
 10 days following the district attorney’s receipt of notice, as evidenced by a copy
 of the written notice served on the district attorney via hand delivery or
 certified mail and written documentation of date upon which the defendant
 was released from incarceration, if the defendant was released prior to the time
 the motion to set aside was filed.

 -4-
 STATE V. SMITH

 Opinion of the Court

 In response, Myers, proceeding pro se, argued she had, in fact, timely served

notice on the District Attorney’s Office of Defendant’s incarceration in Virginia.

Myers further stated she intended to check Box 7 but instead “checked the wrong

box.” She requested the trial court allow her to amend her Motion to reflect the

correct ground for the set-aside.

 Responding to questions from the trial court, the Board’s attorney agreed he

did not dispute the fact Defendant was (and remained) in federal custody and agreed

there was no way for Defendant to be in court for his court date. The Board’s attorney,

however, continued to assert there was no evidence of the requisite notice being

delivered to the District Attorney’s Office under N.C. Gen. Stat. § 15A-544.5(b)(7).

Myers again argued she had provided timely notice 10 days prior to filing her Motion

and submitted to the trial court a letter3 dated and file-stamped 5 April 2019, stating:

 I, [Myers], posted the attached bond for [Defendant] on
 8/11/17. . . . [Defendant] was taken into Federal Custody on 3-06-
 18 and is currently being held in the Piedmont Regional Jail in
 V.A. I received the attached Bond Forfeiture notice indicating
 [Defendant] failed to appear in Superior Court on 10/31/18 for
 case 17CRS060527. Since [Defendant] was in Federal Custody at
 the time of the failure to appear, Per G.S. 15A-544.5, I must

 3 On 30 October 2019, Myers filed a Rule 9(b)(5) Supplement to the Printed Record on Appeal
to include this letter in the Record on Appeal. See N.C.R. App. P. 9(b)(5)(a) (2019) (allowing a
responding party to supplement the record on appeal “with any items that could otherwise have been
included pursuant to this Rule 9”). On 4 November 2019, the Board filed a Motion to Strike this letter
from the Record on Appeal, which was referred to this panel on 8 November 2019. Because the letter
at issue was submitted for consideration at the hearing on Myers’s Motion—and thus could “otherwise
have been included” in the Record—we deny the Board’s Motion to Strike the letter from the Record.
Id.; cf. id. 11(c) (providing items “not filed, served, submitted for consideration, admitted, or for which
no offer of proof was tendered, shall not be included” in the record on appeal (emphasis added)).

 -5-
 STATE V. SMITH

 Opinion of the Court

 service Notice on the D.A. at least 10 days prior to the filing of a
 Motion to Set Aside with documentation attached. This notice
 will be clocked in on today’s date 4/5/19 and served by placing a
 copy in the District Attorney’s box by hand delivery. I will file the
 Motion to Set Aside on 4/15/19 with a copy of this notice given and
 required documentation.

 The trial court then turned apparently to a member of the District Attorney’s

Office—a Mr. Paschal—and asked if the District Attorney’s Office understood

Defendant was in federal custody, and Mr. Paschal responded: “Yes, sir.”4 Following

argument, the trial court rendered its ruling:

 THE COURT: All right. I find as a fact that the Defendant did
 not show up for Court on the day he was supposed to, but
 everybody agrees he was in federal court custody. It was
 impossible for him to do so. He was in Virginia. Apparently the
 wrong paperwork was filed. In an effort to be equitable, fair, and
 just, the forfeiture is set aside. Will you draw that up for us?

 [BOARD’S ATTORNEY]: I’d be happy to, Your Honor.

 THE COURT: Thank you. Make it sound good, too. Make it
 sound better than I just said it.

 (Laughter.)

 The Board’s attorney, however, prepared a proposed Order that failed to reflect

the trial court’s key findings, including no mention of the fact Defendant was in

 4 The Record before us does not make it expressly clear Mr. Paschal was a member of the
District Attorney’s Office and does not include any appearance on behalf of the State. At this criminal
session of court, however, in the context of the hearing, it is not unreasonable to infer the trial court
was seeking the State’s position. In any event, what is clear is that the Record before us discloses no
objection or dispute by the District Attorney’s Office to the fact Defendant was in federal custody and
unable to appear for his criminal trial or complaint the State did not have sufficient notice of this fact.

 -6-
 STATE V. SMITH

 Opinion of the Court

federal custody in Virginia and unable to appear and that these facts were not

disputed. In addition, the proposed Order contained no reference to the fact Myers

had filed the wrong paperwork or the potential existence of grounds to set aside the

bond forfeiture under N.C. Gen. Stat. § 15A-544.5(b)(7). Instead, the proposed Order

prepared by the Board’s attorney merely recited the Board’s grounds for objecting to

Myers’s Motion under Section 15A-544.5(b)(6) and included only the following

Findings of Fact and Conclusions of Law:

 FINDINGS OF FACT

 1. [Myers], Agent for Surety filed a “Motion To Set Aside
 Forfeiture for this case on April 15, 2019, pursuant to N.C.G.S.
 §15A-554.5(6) stating that “The defendant was incarcerated in a
 unit of the Division of Adult Correction and Juvenile Justice and
 is serving a sentence or in a unit of the Federal Bureau of Prisons
 located within the borders of the state at the time of the failure to
 appear as evidenced by a copy of an official court record or copy of
 a document from the Division of Adult Correction and Juvenile
 Justice or Federal Bureau of Prisons, including an electronic
 record,” and properly served by personal deliver on April 18, 2019.

 2. The [Board] filed an Objection and Notice of Hearing for this
 case on May 3, 2019 on the basis that the documentation attached
 to Surety’s motion and filed with the Court in fact confirmed that
 the Defendant was not incarcerated in the State of North
 Carolina at the time of the failure to appear, and set this matter
 for hearing on May 13, 2019.

 CONCLUSIONS OF LAW

 The Court having received the Surety’s Motion to Set Aside
 Forfeiture, the [Board’s] Objection thereto, and the other contents
 of the Court’s file along with arguments of counsel and the
 surety’s representative in open court, and in an effort to be

 -7-
 STATE V. SMITH

 Opinion of the Court

 equitable, fair, and just, hereby ORDERED, ADJUDGED AND
 DECREED that the Surety’s Motion to Set Aside Forfeiture is
 GRANTED.

 The trial court signed this proposed Order—submitted on the personalized

ruled legal stationery of the Board’s attorney—on 29 May 2019, and it was filed and

entered on 31 May 2019.5 The Board timely filed Notice of Appeal from this Order

on 27 June 2019.

 Issue

 The dispositive issue on appeal is whether the trial court’s Findings of Fact

and Conclusions of Law in its written Order support its decision to set aside the bond

forfeiture.

 Analysis

 I. Standard of Review

 “In an appeal from an order setting aside a bond forfeiture, the standard of

review for this Court is whether there was competent evidence to support the trial

court’s findings of fact and whether its conclusions of law were proper in light of such

facts.” Chestnut, 255 N.C. App. at 773, 806 S.E.2d at 334 (citations and quotation

 5 We acknowledge it is a well-accepted practice for a trial court to request counsel for a party
to draft a proposed order and there are good reasons for this practice. This Court has, however, also
emphasized in employing this practice, “[i]t is important that our trial courts not only be impartial,
but also have every appearance of impartiality. We strongly discourage judges from signing orders
prepared on stationery bearing the name of any law firm.” In re T.M.H., 186 N.C. App. 451, 455-56,
652 S.E.2d 1, 3 (2007); see also Heatzig v. MacLean, 191 N.C. App. 451, 461, 664 S.E.2d 347, 355 (2008)
(citations omitted).

 -8-
 STATE V. SMITH

 Opinion of the Court

marks omitted); see also N.C. Gen. Stat. § 15A-544.5(h) (providing in part that “[a]n

order on a motion to set aside a forfeiture is a final order or judgment of the trial

court for purposes of appeal. Appeal is the same as provided for appeals in civil

actions.”). “Questions of law, including matters of statutory construction, are

reviewed de novo.” Chestnut, 255 N.C. App. at 774, 806 S.E.2d at 334 (citation

omitted).

 II. Motion to Set Aside Bail Bond Forfeiture

 Sections 15A-544.1 through 15A-544.8 of our General Statutes govern bail

bond forfeitures in North Carolina.

 If a defendant who was released . . . upon execution of a bail bond
 fails on any occasion to appear before the court as required, the
 court shall enter a forfeiture for the amount of that bail bond in
 favor of the State against the defendant and against each surety
 on the bail bond.

N.C. Gen. Stat. § 15A-544.3(a) (2019). “A forfeiture entered under [Section] 15A-

544.3 becomes a final judgment of forfeiture ‘on the one hundred fiftieth day after

notice is given under [Section] 15A-544.4 if (1) no order setting aside the forfeiture

under [Section] 15A-544.4 is entered on or before that date; and (2) no motion to set

aside the forfeiture is pending on that date.’ ” Chestnut, 255 N.C. App. at 774, 806

S.E.2d at 334 (alterations omitted) (quoting N.C. Gen. Stat. § 15A-544.6 (2015)).

 “The exclusive avenue for relief from forfeiture of an appearance bond (where

the forfeiture has not yet become a final judgment) is provided in [Section] 15A-

 -9-
 STATE V. SMITH

 Opinion of the Court

544.5.” State v. Williams, 218 N.C. App. 450, 451, 725 S.E.2d 7, 9 (2012) (citation and

quotation marks omitted). Under Section 15A-544.5(a), “[t]here shall be no relief

from a forfeiture except as provided in this section. The reasons for relief are those

specified in subsection (b) of this section.” N.C. Gen. Stat. § 15A-544.5(a); see also

State v. Rodrigo, 190 N.C. App. 661, 664, 660 S.E.2d 615, 617 (2008) (“Relief from a

forfeiture, before the forfeiture becomes a final judgment, is exclusive and limited to

the reasons provided in N.C. Gen. Stat. § 15A-544.5.” (citations omitted)); State v.

Knight, 255 N.C. App. 802, 810, 805 S.E.2d 751, 756 (2017) (recognizing “the plain

language used in [Section] 15A-544.5 and the statute’s legislative history

demonstrate that the General Assembly intended to limit a trial court’s authority in

setting aside a bond forfeiture before the entry of a final judgment”).

 Relevant to this appeal, Section 15A-544.5(b) in turn provides:

 Except as provided by subsection (f) of this section, a forfeiture
 shall be set aside for any one of the following reasons, and none
 other:

 ....

 (6) The defendant was incarcerated in a unit of the Division of
 Adult Correction and Juvenile Justice of the Department of
 Public Safety and is serving a sentence or in a unit of the
 Federal Bureau of Prisons located within the borders of the
 State at the time of the failure to appear as evidenced by a
 copy of an official court record or a copy of a document from
 the Division of Adult Correction and Juvenile Justice of the
 Department of Public Safety or Federal Bureau of Prisons,
 including an electronic record.

 - 10 -
 STATE V. SMITH

 Opinion of the Court

 (7) The defendant was incarcerated in a local, state, or federal
 detention center, jail, or prison located anywhere within the
 borders of the United States at the time of the failure to
 appear, or any time between the failure to appear and the final
 judgment date, and the district attorney for the county in
 which the charges are pending was notified of the defendant’s
 incarceration while the defendant was still incarcerated and
 the defendant remains incarcerated for a period of 10 days
 following the district attorney’s receipt of notice, as evidenced
 by a copy of the written notice served on the district attorney
 via hand delivery or certified mail and written documentation
 of date upon which the defendant was released from
 incarceration, if the defendant was released prior to the time
 the motion to set aside was filed.

N.C. Gen. Stat. § 15A-544.5(b)(6)-(7). A party seeking to set aside a forfeiture must

make a timely written motion “stat[ing] the reason for the motion and attach[ing] to

the motion the evidence specified in subsection (b) of this section.” Id. § 15A-

544.5(d)(1)(d). Our Court has previously held a trial court lacks authority to allow a

motion to set aside that is “not premised on any ground set forth in [Section] 15A-

544.5.” State v. Sanchez, 175 N.C. App. 214, 218, 623 S.E.2d 780, 782 (2005).

 The Board, tracking the written Order, argues because Myers’s Motion only

listed Subsection (6) as grounds for setting aside the bond forfeiture, and as there is

no dispute Defendant was not incarcerated in North Carolina, there is no competent

evidence to support the trial court’s decision to set aside the forfeiture. The Board

further asserts the trial court lacked any discretionary authority to set aside a bond

forfeiture for a reason other than one provided in Section 15A-544.5(b) and therefore

the trial court’s written conclusion—setting aside the forfeiture “in an effort to be

 - 11 -
 STATE V. SMITH

 Opinion of the Court

equitable, fair, and just”—was error. Generally speaking, the Board is correct. The

Record establishes Defendant was not incarcerated in North Carolina. It is also well

established a trial court lacks discretionary authority to set aside a bond forfeiture

for a reason not listed in Section 15A-544.5(b). See id. (explaining a trial court lacks

authority to allow a motion to set aside that is “not premised on any ground set forth

in [Section] 15A-544.5”).

 Indeed, Myers does not contest these points. Rather, Myers argues the trial

court did not intend to set aside the forfeiture under Subsection (6) or for general

concepts of equity, fairness, and justice. Myers contends the trial court instead

intended to—in an effort to be equitable, fair, and just—treat her Motion as one under

Subsection (7) and to grant relief under that statutory subsection. It seems apparent

from the context of the hearing and the trial court’s orally rendered ruling this may

well have been the trial court’s intent.

 During the course of the hearing, Myers acknowledged she had checked the

wrong box but requested the trial court allow her to amend her Motion and to proceed

under Subsection (7). Myers submitted to the trial court a file-stamped document

providing some evidence indicating she provided notice under Subsection (7) to the

District Attorney’s Office. Counsel for the Board agreed Defendant had been and

remained in federal custody and that it was impossible for Defendant to appear for

his court date. In orally rendering its ruling, the trial court stated:

 - 12 -
 STATE V. SMITH

 Opinion of the Court

 I find as a fact that the Defendant did not show up for Court on
 the day he was supposed to, but everybody agrees he was in
 federal court custody. It was impossible for him to do so. He was
 in Virginia. Apparently the wrong paperwork was filed. In an
 effort to be equitable, fair, and just, the forfeiture is set aside.

 It seems evident the basis for the trial court’s ruling was that where everyone

agreed Defendant was in federal custody in Virginia and unavailable for his court

appearance, the trial court would not deny the Motion because the wrong paperwork

was filed. Instead, because the fact of Defendant’s incarceration in Virginia was

known and not disputed, the trial court likely intended to allow Myers’s Motion to be

amended out of fairness to reflect the correct ground under Subsection (7) and, in

turn, grant the corrected and amended Motion.6

 Even though we agree Myers more likely rightly captures the trial court’s

intended ruling based on the trial court’s orally rendered findings and ruling, the trial

court’s written Order, as drafted by the Board’s attorney, does not reflect the trial

court’s oral findings, and it is the written Order that controls for purposes of appeal.

See, e.g., Durham Hosiery Mill Fltd. P’ship v. Morris, 217 N.C. App. 590, 593, 720

S.E.2d 426, 428 (2011) (“The general rule is that the trial court’s written order

controls over the trial judge’s comments during the hearing.” (citation omitted));

 6 The Board takes issue with the notion the trial court could grant amendment of the Motion,
arguing Myers did not technically make a formal motion to amend and the trial court did not
technically state it was granting a motion to amend. However, it is clear on the Record Myers was
making a request for amendment to the trial court and, in gist, the trial court spent the hearing trying
to ascertain why it should not treat Myers’s Motion as filed under Subsection (7) when there was little
to no dispute on the facts.

 - 13 -
 STATE V. SMITH

 Opinion of the Court

Fayetteville Publ’g Co. v. Advanced Internet Techs., Inc., 192 N.C. App. 419, 425, 665

S.E.2d 518, 522 (2008) (“The trial judge’s comments during the hearing as to its

consideration of the entire case file, evidence and law are not controlling; the written

court order as entered is controlling.” (citation omitted)).

 The written and entered Order, drafted by the Board’s attorney, omits entirely

the undisputed facts—and the trial court’s oral findings—Defendant was in custody

in Virginia and that there was no dispute, as a result, it was not possible for

Defendant to appear for his court date. It also contains no mention of Myers’s filing

the wrong paperwork, her request for amendment, her submission of the file-stamped

letter referencing service of notice on the District Attorney’s Office, or even N.C. Gen.

Stat. § 15A-544.5(b)(7).

 To the contrary, the written Order contains only two findings merely reciting

the Board’s basic argument: Myers’s Motion checked Box 6 requiring Defendant be

incarcerated within the borders of North Carolina and Defendant was not

incarcerated in North Carolina. In its sole Conclusion of Law, the trial court’s Order

does not mention any of the grounds listed under Section 15A-544.5(b) allowing for

setting aside a bond forfeiture. See N.C. Gen. Stat. § 15A-544.5(b)(1)-(7). Instead,

the Order simply concludes, “in an effort to be equitable, fair, and just . . . the Surety’s

Motion to Set Aside Forfeiture is GRANTED.” Because the Order as entered fails to

identify any permissible ground for setting aside the forfeiture under Section 15A-

 - 14 -
 STATE V. SMITH

 Opinion of the Court

544.5(b), the trial court’s Order cannot stand.7 See Sanchez, 175 N.C. App. at 218,

623 S.E.2d at 782 (explaining a trial court lacks authority to allow a motion to set

aside that is “not premised on any ground set forth in [Section] 15A-544.5”).

 Moreover, our Supreme Court has explained, “[o]rdinarily when there is a

failure to make a material finding of fact, the case must be remanded for a proper

finding.” State v. Bryant, 361 N.C. 100, 104, 637 S.E.2d 532, 535 (2006) (alterations,

citation, and quotation marks omitted). Whether remand is a proper remedy depends

on whether sufficient evidence in the record exists to support such a finding. Cf. id.

at 104, 637 S.E.2d at 535-36 (concluding “remand is not a proper remedy . . . because

the record lacks sufficient evidence to support such a finding”); but see State v.

Morgan, 372 N.C. 609, 618, 831 S.E.2d 254, 260 (2019) (remanding “to the Court of

Appeals for further remand to the trial court for a finding of whether good cause exists

to revoke defendant’s probation despite the expiration of his probationary period

and—assuming good cause exists—to make a finding in conformity with [N.C. Gen.

Stat.] § 15A-1344(f)(3)”).

 Review of the transcript from the hearing in this case shows the trial court was

asked to consider Myers’s request under Subsection (7). It is undisputed Defendant

 7 It bears mentioning Form AOC-CR-213 actually contains a separate section in which the trial
court may simply enter its order on an objection to a motion to set aside the bond forfeiture, providing
the trial court the option of checking boxes finding or not finding “the moving party has established
one or more of the reasons specified in [Section] 15A-544.5 for setting aside that forfeiture” and either
allowing or denying the motion to set aside the forfeiture. Here, the trial court entered a separate
order, and we leave aside the question of whether the trial court could simply have utilized the form.

 - 15 -
 STATE V. SMITH

 Opinion of the Court

was in federal custody in Virginia. Myers contended she provided proper notice and

submitted to the trial court file-stamped documentation weighing on whether she, in

fact, provided proper notice under Subsection (7) to the District Attorney’s Office.

However, the trial court’s Order failed to make material findings of fact, conclusions

of law, or any ruling as to whether (1) Myers’s Motion should properly be considered

under N.C. Gen. Stat. § 15A-544.5(b)(7) and (2) the bond forfeiture should be set aside

under N.C. Gen. Stat. § 15A-544.5(b)(7). Thus, the trial court’s written Order fails to

address the key material issues at issue in this case. Consequently, we vacate the

trial court’s Order and remand this matter to the trial court for additional findings

and, fundamentally, a determination of whether the bond forfeiture should be set

aside under Subsection 15A-544.5(b)(7). See Morgan, 372 N.C. at 618, 831 S.E.2d at

260.

 Conclusion

 Accordingly, for the foregoing reasons, we vacate the trial court’s Order and

remand this matter to the trial court for entry of a new order determining whether

the bond forfeiture should be set aside under N.C. Gen. Stat. § 15A-544.5(b)(7).

 VACATED AND REMANDED.

 Chief Judge McGEE and Judge BRYANT concur.

 - 16 -