IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA19-1070

Filed: 1 September 2020

Martin County, 15 CRS 50823

STATE OF NORTH CAROLINA

v.

PETER LEE ROULHAC, III, Defendant,

   and

BRYAN KELLEY, PALMETTO SURETY CORPORATION, Bail Agent/Surety,

   and

MARTIN COUNTY BOARD OF EDUCATION, Judgment Creditor.

Appeal by surety from order entered 5 August 2019 by Judge Walter H. Godwin, Jr., in Martin County Superior Court. Heard in the Court of Appeals 29 April 2020.

*Brian Elston Law, by Brian D. Elston, for surety-appellant.*

*Daniel A. Manning for judgment creditor-appellee.*

ZACHARY, Judge.

The Palmetto Surety Corporation appeals from an order denying its motions seeking, *inter alia*, "an order instructing the [c]lerk not to enter [final] judgment" of forfeiture. After careful review, we affirm the trial court's order.

**Background**

The undisputed facts of this case are as follows: On 14 December 2016, the Palmetto Surety Corporation ("Surety") executed a $100,000 appearance bond securing the pretrial release of Defendant Peter Lee Roulhac, III, on criminal charges pending in Martin County Superior Court. After Defendant failed to appear in court on 5 November 2018, the trial court issued an order for his arrest. On 13 December 2018, the Honorable Wayland J. Sermons, Jr., ordered that the appearance bond be forfeited. On that same date, an assistant clerk of superior court issued a bond forfeiture notice and served Surety and Defendant with a copy of the notice of entry of forfeiture by first-class mail.

On 13 May 2019, Surety moved the trial court (1) to modify the bond forfeiture pursuant to Rule 60 of the North Carolina Rules of Civil Procedure; (2) to strike the bond forfeiture; (3) to stay the proceedings; or (4) in the alternative, to grant Surety relief from the bond forfeiture pursuant to N.C. Gen. Stat. § 15A-544.8 (2019). Surety argued that "the Clerk did not provide proper notice of the Bond Forfeiture until 38 days past the Defendant's failing to appear" for his court date, rather than within the requisite 30-day period; thus, pursuant to N.C. Gen. Stat. § 15A-544.4(e), the "notice was not timely" and the bond forfeiture could not "become a final judgment." In the alternative, Surety asserted that N.C. Gen. Stat. § 15A-544.8 "also authorizes relief when notice was not provided under" N.C. Gen. Stat. § 15A-544.4 and that the trial court "should grant relief by not enforcing the bond forfeiture." The Martin County

Board of Education objected to the motion, and the trial court heard Surety's motion on 15 July 2019.

By order entered 5 August 2019, the Honorable Walter H. Godwin, Jr., denied Surety's motions and declared the bond forfeiture a final judgment as of 27 July 2019. Surety timely appealed.

## Discussion

On appeal, Surety contends that the trial court erred (1) "in its application of N.C. Gen. Stat. § 15A-544.5 to situations governed by the [North Carolina] Rules of Civil Procedure"; and (2) by failing to modify the order "so it complied with . . . N.C. Gen. Stat. § 15A-544.4(e)[.]"

### Standard of Review

"When the trial court sits without a jury, the standard of review for this Court is whether there was competent evidence to support the trial court's findings of fact and whether its conclusions of law were proper in light of such facts." *State v. Dunn*, 200 N.C. App. 606, 608, 685 S.E.2d 526, 528 (2009) (citing *State v. Lazaro*, 190 N.C. App. 670, 671, 660 S.E.2d 618, 619 (2008)). Questions of law are reviewed de novo. *State v. Hinnant*, 255 N.C. App. 785, 787, 806 S.E.2d 346, 347-48 (2017).

### Analysis

"Bail bond forfeiture in North Carolina is governed by N.C. Gen. Stat. §§ 15A-544.1 – 544.8[.]" *State v. Gonzalez-Fernandez*, 170 N.C. App. 45, 48, 612 S.E.2d 148,

151 (2005). "If a defendant who was released . . . upon execution of a bail bond fails . . . to appear before the court as required, the court shall enter a forfeiture for the amount of that bail bond in favor of the State against the defendant and against each surety on the bail bond." N.C. Gen. Stat. § 15A-544.3(a).

The defendant and each surety whose name appears on the bail bond are to be served with notice of the entry of bond forfeiture by first-class mail. *Id.* § 15A-544.4(a)-(b).

> Notice under this section shall be mailed not later than the 30th day after the date on which the defendant fails to appear as required and a call and fail is ordered. If notice under this section is not given within the prescribed time, the forfeiture shall not become a final judgment and shall not be enforced or reported to the Department of Insurance.

*Id.* § 15A-544.4(e).

It is well settled that "[t]he *exclusive avenue for relief* from forfeiture of an appearance bond (where the forfeiture has not yet become a final judgment) is provided in [N.C. Gen. Stat.] § 15A-544.5." *State v. Robertson*, 166 N.C. App. 669, 670-71, 603 S.E.2d 400, 401 (2004) (emphasis added). "For bonds that have not become final judgments, the trial court can only 'set aside' a forfeiture if one of seven enumerated reasons have been established," as provided in section 15A-544.5(b). *State v. Ortiz*, ___ N.C. App. ___, ___, 832 S.E.2d 474, 477 (2019).

(b) **Reasons for Set Aside.** – Except as provided by subsection (f) of this section,[1] a forfeiture shall be set aside for any one of the following reasons, and none other:

(1) The defendant's failure to appear has been set aside by the court and any order for arrest issued for that failure to appear has been recalled . . . .

(2) All charges for which the defendant was bonded to appear have been finally disposed by the court other than by the State's taking dismissal with leave . . . .

(3) The defendant has been surrendered by a surety on the bail bond as provided by [N.C. Gen. Stat. §] 15A-540 . . . .

(4) The defendant has been served with an Order for Arrest for the Failure to Appear on the criminal charge in the case in question . . . .

(5) The defendant died before or within the period between the forfeiture and the final judgment . . . .

(6) The defendant was incarcerated in a unit of the Division of Adult Correction and Juvenile Justice . . . and is serving a sentence or in a unit of the Federal Bureau of Prisons . . . at the time of the failure to appear . . . .

(7) The defendant was incarcerated in a local, state, or federal detention center, jail, or prison located anywhere within the borders of the United States at the time of the failure to appear, or any time between the failure to appear and the final judgment date, and the district attorney for the county in

---

[1] Subsection (f) provides that no bond forfeiture "may be set aside for any reason in any case in which the surety or the bail agent had actual notice before executing a bail bond that the defendant had already failed to appear on two or more prior occasions in the case for which the bond was executed." N.C. Gen. Stat. § 15A-544.5(f). Accordingly, subsection (f) is inapplicable here.

> which the charges are pending was notified of the defendant's incarceration while the defendant was still incarcerated and the defendant remains incarcerated for a period of 10 days following the district attorney's receipt of notice . . . .

N.C. Gen. Stat. § 15A-544.5(b).

Here, Surety argues that the grounds for setting aside a forfeiture as provided in section 15A-544.5(b) are inapplicable, in that Surety did not move to *set aside* the bond forfeiture, but merely to *modify* it for lack of compliance with subsection (e)'s provisions.

This Court addressed a similar issue in *State v. Sanchez*, 175 N.C. App. 214, 623 S.E.2d 780 (2005). In *Sanchez*, a notice of bond forfeiture was issued after the defendant failed to appear for his court date on 21 July 2004. 175 N.C. App. at 215, 623 S.E.2d at 780. The clerk mailed the notice of bond forfeiture to the defendant and his sureties on 27 August 2004, outside of the 30-day period prescribed by N.C. Gen. Stat. § 15A-544.4(e). *Id.* The surety then "moved to set aside the entry of forfeiture pursuant to N.C. Gen. Stat. § 15A-544.4(e) on the grounds that [the] surety was not provided with notice of the forfeiture within thirty days after entry of forfeiture." *Id.* On appeal, we concluded that because the "surety's motion to set aside the entry of forfeiture was not premised on any ground set forth in [N.C. Gen. Stat.] § 15A-544.5," the trial court "*lacked the authority* to grant [the] surety's motion." *Id.* at 218, 623 S.E.2d at 782.

In the instant case, Surety has adroitly attempted to recharacterize its efforts to obtain relief from the entry of bond forfeiture. Nonetheless, because Surety moved for relief from the entry of bond forfeiture prior to it becoming a final judgment, N.C. Gen. Stat. § 15A-544.5 provides the "exclusive avenue for relief." *Ortiz*, ___ N.C. App. at ___, 832 S.E.2d at 478 (citation omitted); *accord State v. Knight*, 255 N.C. App. 802, 807-08, 805 S.E.2d 751, 755 (2017); *State v. Cobb*, 254 N.C. App. 317, 318, 803 S.E.2d 176, 178 (2017); *State v. Williams*, 218 N.C. App. 450, 451, 725 S.E.2d 7, 9 (2012); *Robertson*, 166 N.C. App. at 670-71, 603 S.E.2d at 401. Any relief sought for violation of N.C. Gen. Stat. § 15A-544.4(e)'s 30-day notice requirement is unavailable prior to the entry of a final judgment.

Moreover, our General Statutes provide relief from a final judgment where a surety did not receive the requisite notice. As this Court stated in *Sanchez*, N.C. Gen. Stat. § 15A-544.8 provides that the trial court may set aside a final judgment of forfeiture if "[t]he person seeking relief was not given notice as provided in" N.C. Gen. Stat. § 15A-544.4. N.C. Gen Stat. § 15A-544.8(b)(1); *Sanchez*, 175 N.C. App. at 218, 623 S.E.2d at 782. "That the General Assembly specifically made allowance for relief from final judgment of forfeiture for faulty notice, and omitted the same as a ground for relief from an entry of forfeiture, suggests the legislature made a conscious choice in this regard." *Sanchez*, 175 N.C. App. at 218, 623 S.E.2d at 782. Despite Surety's

contention that this statement from *Sanchez* is merely dicta, the reasoning is nevertheless sound and persuasive.

## Conclusion

In that the trial court's findings support its conclusion that Surety failed to establish any reasons for relief specified in N.C. Gen. Stat. § 15A-544.5(b), we affirm the trial court's order.[2]

AFFIRMED.

Judges DIETZ and MURPHY concur.

---

[2] In light of our conclusion that the trial court properly denied Surety's motion under N.C. Gen. Stat. § 15A-544.5, we need not address Surety's remaining arguments.